■ KENT DEVELOPMENT CO., INC., et al., Appellants-Respondents, v. MANLIO LICCIONE et al., Defendants, and JAMES GNERRE, Also Known as PUGGIE BROWN, Respondent-Appellant.— In an action to recover damages for breach of contract, conspiracies and other alleged torts, (1) plaintiffs appeal from (a) portions of an order of the Supreme Court, Westchester County, entered April 17, 1974, which *inter alia* denied in part their motion to strike defendant Gnerre's interrogatories and granted in part defendant Gnerre's cross motion to strike allegedly scandalous matter contained in the complaint and (b) two further orders of the same court, dated May 16, 1974 and June 3, 1974, which *inter alia* granted defendant Gnerre's motion to add Margaret Alberi as a party defendant and imposed sanctions upon plaintiffs; and (2) defendant Gnerre cross-appeals from portions of said order of April 17, 1974. Appeals dismissed as moot, without costs, in view of the determination made in *Kent Development Co.* v. *Liccione* (45 A D 2d 965). Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.

■ BOARD OF EDUCATION, CENTRAL SCHOOL DISTRICT No. 1, TOWNS OF BROOKHAVEN and SMITHTOWN, Also Known as THREE VILLAGE CENTRAL SCHOOL DISTRICT, Petitioner, v. NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.— Proceeding pursuant to section 298 of the Executive Law for a limited review of an order of the State Human Rights Appeal Board, dated April 3, 1974, which affirmed an order of the State Division of Human Rights, dated August 24, 1973, that is, to the extent that the order of the division, in subdivision 4 of the third ordering paragraph thereof, directed that petitioner and its school board "shall permit pregnant teachers to use accrued sick leave benefits to reduce unpaid maternity leave." Order of the appeal board modified, on the law, by striking from the ordering paragraph thereof the words "in all respects affirmed" and substituting therefor the following: "(a) is modified by deleting therefrom subdivision 4 of the third ordering paragraph and substituting therefor the following: '4. Said respondents shall pay any teacher physically disabled by reason of maternity accrued sick leave benefits for that portion of the school year coinciding with such disability or aggravation of such disability, provided she furnish to said respondents a certificate from her attending physician to the effect that during such period of time she was, in fact, physically disabled'; and as so modified, the said Decision and Order is in all respects affirmed." As so modified, the order of the appeal board is affirmed, without costs. In the instant case the portion of the order in question did not limit application of sick leave payments to any period of actual disability and thus was improper to that extent. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.