■ In the Matter of WESTINGHOUSE ELECTRIC CORPORATION, Petitioner, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. In the Matter of WESTINGHOUSE ELECTRIC CORPORATION, Petitioner, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceedings initiated in this court pursuant to section 298 of the Executive Law to review orders of the State Human Rights Appeal Board, dated May 12, 1977 and July 18, 1977, which affirmed orders of the State Division of Human Rights finding that petitioner had discriminated against each of the complainants because of her sex by disallowing disability benefits during a period she was disabled by pregnancy and childbirth. The petitioner raises no question as to the sufficiency of the evidence to establish the necessary facts of discrimination. Further, it concedes that pursuant to the recent case of Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd. (41 NY2d 84, rearg den 42 NY2d 824) it is established that the discrimination herein is a violation of the Human Rights Law (Executive Law, art 15). The petitioner nevertheless urges this court to find that the mandate of the Human Rights Law (referred to by it as HRL) as settled in the Brooklyn case is unenforceable as a matter of law in the following "Points" of its brief: "Point Two—To the extent that the HRL'S prohibition against discrimination on the basis of sex is interpreted to prohibit an employer's failure to provide in its employee disability benefits plan coverage of disabilities due to pregnancy, the HRL conflicts with the provisions of Title VII of the Federal Civil Rights Act of 1964 and is pre-empted by section 1104 of that Federal statute * * * Point Three—To the extent that the HRL's prohibition against discrimination on the basis of sex is interpreted to compel an employer to provide in its employee benefits plan coverage of disabilities due to pregnancy, the HRL is preempted by ERISA * * * [The Employment Retirement Income Security Act of 1974—Pub L 93-406] Point Four—To the extent that the HRL's prohibition against sex discrimination is interpreted to compel an employer to modify a collective bargaining agreement, the HRL is preempted by the Federal labor policy. [National Labor Relations Act—US Code, tit 29, § 151 et seq.]" We find no reasonable basis to conclude that these statutory provisions of the Federal Government were so excluded from the thinking of the Court of Appeals in its consideration of the Human Rights Law in the case of Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd. (supra) as to justify a reversal of the Brooklyn case by this court upon

"new" grounds. All of the Federal statutes referred to by the petitioner as pre-emptive and exclusionary in regard to the Human Rights Law and/or the order of the administrative agency herein were in effect when the *Brooklyn* case was under consideration by the Court of Appeals both initially and upon the motion to reargue. In particular, the Court of Appeals initial decision in the *Brooklyn* case (41 NY2d 84, *supra*) referred to the recent decision of the United States Supreme Court in the case of *General Elec. Co. v Gilbert* (429 US 125) which is relied upon by petitioner upon this appeal. Furthermore, the Court of Appeals has recently followed the *Brooklyn case in State Div. of Human Rights v Jamestown Tel. Corp.* (42 NY2d 848). The petitioner has not demonstrated any clear legal basis whereby the Federal statutes would preclude this State from finding that the instant facts were sex discrimination and requiring corrective action including prospective acts (see *Matter of Feinstein [Attorney-General of State of N. Y.],* 36 NY2d 199, 206, referring to the Employment Retirement Income Security Act of 1974; cf. *Gaynor v Rockefeller,* 21 AD2d 92, 101-102, affd 15 NY2d 120). In any event, we find the instant appeal is controlled by the decision in *Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd. (supra)* and *State Div. of Human Rights v Jamestown Tel. Corp. (supra).* There has been no cross motion by the administrative agency for enforcement of the orders herein reviewed and, accordingly, no issues in that regard are before us. Orders confirmed, and petitions dismissed, with costs. Greenblott, J. P., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.