**THOMAS PUBLISHING COMPANY,**
**Plaintiff,**

v.

**DIVISION OF HUMAN RIGHTS and George C. Findlay as Regional Director of Division of Human Rights, Defendants.**

**No. 77 Civ. 3290.**

United States District Court,
S. D. New York.

Sept. 19, 1978.

William A. Moore, George K. Hourwich, Choate, Doman, Moore & Hahn, New York City, for Plaintiff.

Ann Thacher Anderson, Gen. Counsel, State Division of Human Rights, New York City, for defendants.

PIERCE, District Judge.

### OPINION AND ORDER

The plaintiff, Thomas Publishing Company, initiated an action for an order declaring that the New York Human Rights Law, N.Y.Exec.Law § 290 *et seq.* (McKinney 1972 & Supp.), is not enforceable and is a nullity because it is in direct conflict with and subordinate to the provisions of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and for injunctive relief against the defendants, New York State Division of Human Rights and its Regional Director, to prevent their enforcement of the Human Rights Law against the plaintiff. The plaintiff has here moved under Fed.R.Civ.P. 56 for summary judgment. For the reasons that follow the Court denies the plaintiff's motion and grants the summary judgment to the defendants.

### FACTS

The parties have agreed, and this Court finds, that no material issues of fact are

present which would bar the resolution of this motion.[1] The pertinent facts involved in this application are as follows.

Plaintiff is a publishing company located in New York City. Its employment practices, so far as issues involving discrimination are concerned, are subject to the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, and the New York Human Rights Law, N.Y.Exec.Law § 290 *et seq.* It has an employee disability program in effect under which benefits are paid for disabilities caused by accidental injury, disease or illness. However, disabilities caused by or arising in connection with pregnancy are not included.

The defendant Human Rights Division helped an employee of plaintiff, Carmetta J. Anderson, prepare and file a complaint with the defendant Division against the plaintiff asserting that the exclusion of pregnancy-related disability benefits constitutes illegal gender discrimination under the state Human Rights Law. The disability forming the basis of Ms. Anderson's complaint commenced on October 2, 1976 and terminated on March 1, 1977. On June 14, 1977, the defendants wrote to the plaintiff stating in effect that if the plaintiff did not agree to concede Ms. Anderson's claim, the defendants would hold an expedited hearing on the matter. A second claim against the plaintiff involving similar incidences is also currently pending.

## DISCUSSION

Section 703(a)(1) of Title VII of the Civil Rights Act of 1964 provides that it is unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of sex, among other characteristics. 42 U.S.C. § 2000e–2(a)(1) (1970). The Supreme Court in *General Electric Co. v. Gilbert*, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976), stated,

however, that "an exclusion of pregnancy from a disability benefits plan, providing general coverage is not gender-based discrimination at all." *Id.* at 136, 97 S.Ct. at 408. Only if a plaintiff can show that the exclusion of pregnancy from the plan is a ploy designed to circumvent the statutory prohibitions against sex discrimination and to effectuate invidious discrimination can relief be obtained under Title VII. *Id.* at 137, 97 S.Ct. 401, see generally 45 Fordham L.Rev. 1202 (1977).

In contrast, the New York Human Rights Law bars the exclusion of pregnancy-related benefits from a general employee disability plan as sex discrimination. In *Brooklyn Union Gas Co. v. New York State Human Rights Appeal Board*, 41 N.Y.2d 84, 390 N.Y.S.2d 884, 359 N.E.2d 393 (1976), which was decided approximately two weeks after *General Electric Co.* was decided, the New York Court of Appeals construed the New York Human Rights Law as prohibiting any employment personnel policy which singles out pregnancy and childbirth for treatment different from that other physical or medical impairment or disability. Thus, the plaintiff's disability plan is *not* discriminatory under the federal Civil Rights Act, but *is* discriminatory under and violative of the New York Human Rights Law.

The plaintiff's principal contention[2] is that since Title VII of the Act was enacted pursuant to the Commerce Clause in Article 1 of the U.S. Constitution, the New York Human Rights Law is a nullity under the Supremacy Clause of Article 6 of the U.S. Constitution insofar as the state law is in conflict with Title VII. *Gibbons v. Ogden*, 22 U.S. 1, 6 L.Ed. 23 (1824); *Gulf, Colorado and Santa Fe Ry. v. Hefley*, 158 U.S. 98, 15 S.Ct. 802, 39 L.Ed. 910 (1895). The essence of the plaintiff's argument is that since the U.S. Supreme Court has ruled that the deni-

---

1. See *Heyman v. Commerce and Industry Insurance Co.*, 524 F.2d 1317 (2d Cir. 1975).

2. The defendant has raised issues concerning mootness, appropriateness of the relief requested, and exhaustion of state remedies. See

*United Federation of Teachers Welfare Fund v. Kramarsky*, 451 F.Supp. 333 (S.D.N.Y.1978). However, the Court does not reach these issues because of its determination concerning the principal issue in this matter.

al of pregnancy-related benefits is not discriminatory under Title VII of the Civil Rights Act, no state may adopt laws which bar the exclusion of pregnancy benefits as sex discriminatory. On the other hand, the defendants argue that the plain language of the Civil Rights Act indicates that the states may prohibit practices which the Act permits. 42 U.S.C. §§ 2000e–7, 2000h–4 (1970). Therefore, defendants contend, the Human Rights Law may prohibit employers from excluding pregnancy benefits from coverage although it has been determined that Title VII does not prohibit such practices. The Court agrees. It is clear from a reading of the Supreme Court's decision in *General Electric Co. v. Gilbert,* 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976) and the Act that the plaintiff's argument must fail.

In *General Electric Co.,* the Supreme Court was presented with the issue of whether or not under Title VII an employer may exclude pregnancy benefits from employee disability benefit programs. The Court reasoned that because the Act did not define "discrimination" as used in the Act, pregnancy exclusion did not *per se* constitute sex discrimination. Rather, the test of sex discrimination set forth in *Geduldig v. Aiello,* 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974), had to be applied to the facts of that case. *Id.,* 429 U.S. at 133, 97 S.Ct. 401. The Court found upon applying that test that no discrimination had been established. However, the Court did not hold that pregnancy exclusion could not be sex discrimination or that the states are precluded from adopting laws to the effect that such exclusion is *per se* sex discrimination.

Furthermore, section 708 of Title VII, 42 U.S.C. § 2000e–7 (1970), provides: "Nothing in this subchapter shall be deemed to exempt or relieve any person from any liability, duty, penalty, or punishment provided by any present or future law of any State or political subdivision of a State, other than any such law which purports to require or permit the doing of any act which would be unlawful employment practice under this subchapter.

Similarly, section 1104 of the Civil Rights Act of 1964, 42 U.S.C. § 2000h–4 (1970), provides:

"Nothing contained in any title of this Act shall be construed as indicating an intent on the part of Congress to occupy the field in which any such title operates to the exclusion of State laws on the same subject matter, nor shall any provision of this Act be construed as invalidating any provision of State law unless such provision is inconsistent with any of the purposes of this Act, or any provision thereof."

These provisions indicate that the Act does not serve to preempt state laws on this subject. Only those state laws which require or permit an act which violates the mandates of the Act or which are inconsistent with the specific provisions or purposes of the Act are a nullity. It is against this standard that the New York Human Rights Law must be measured to determine if it is consistent with and not violative of the Civil Rights Act of 1964.

In this instance, the New York Human Rights Law, which deems the exclusion of pregnancy disability benefits from a general disability plan to be sex discrimination, merely requires employers to extend disability coverage to pregnancy disabilities in general coverage plans. It does not permit or require acts that are unlawful under Title VII. As states are permitted to extend greater protection than that afforded by Title VII, pursuant to 42 U.S.C. §§ 2000e–7, 2000h–4, the New York Court of Appeals interpretation of the Human Rights Law in *Brooklyn Union Gas Co. v. New York State Human Rights Appeal Board,* 41 N.Y.2d 84, 390 N.Y.S.2d 884, 359 N.E.2d 393 (1976), is not inconsistent with the Supreme Court's interpretation of Title VII in *General Electric Co.* See *Westinghouse Electric Corp. v. State Human Rights Appeal Board,* 60 A.D.2d 943, 401 N.Y.S.2d 597 (3d Dep't), *appeal dismissed,* 44 N.Y.2d 731, 405 N.Y.S.2d 1040, 376 N.E.2d 947 (1978).

However, even if the Human Rights Law and Title VII of the Civil Rights Act were inconsistent with respect to pregnancy disability benefits, this inconsistency would not be of a nature requiring supersedure or preemption of the state law by federal law. The test for preemption as set forth in *Jones v. Rath Packing Co.,* 430 U.S. 519, 525–26, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977) is:

> "Our task is to determine whether under the circumstances of this particular case, [the state's] law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." (Citing *Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 85 L.Ed. 581 (1941)).

Applying this test to the instant case, it is readily apparent that the New York Human Rights Law in no way interferes with the accomplishment of the Congressional purpose in enacting Title VII. The general purpose of Title VII is to eliminate discrimination in employment. The New York Human Rights Law, by mandating that the exclusion of pregnancy disability benefits from a general disability plan is sex discrimination and an unlawful employment practice, only extends its own coverage. This is not "an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.*

## CONCLUSION

In sum, the Court finds that the plaintiff has failed to establish that, as a matter of law, it has stated a valid cause of action for which it should be granted summary judgment on the undisputed facts. Instead, the Court finds that the defendants are entitled to summary judgment. It is clear that where both parties have agreed that there is no genuine issue of material fact and judgment for the non-moving party would be appropriate as a matter of law, the Court may award summary judgment to that party. *Lowenschuss v. Kane,* 520 F.2d 155 (2d Cir. 1975); 10 Wright and Miller, Federal Practice and Procedure § 2720 (1973).

SO ORDERED.