■ In the Matter of the POLICE DEPARTMENT OF THE CITY OF NEW YORK, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Determination of the State Human Rights Appeal Board, dated December 29, 1975, and an order of the Commissioner of the State Division of Human Rights, dated April 30, 1975, which, after a hearing, directed, *inter alia,* that complainant be paid sick leave benefits from May 14, 1974 through August 14, 1974 with 6% interest from July 1, 1974, unanimously annulled, on the law, without costs and disbursements, and the matter remanded to the State division for further consideration consistent herewith. This is a proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated December 29, 1975, which affirmed an order of the State Division of Human Rights, dated April 30, 1975, which, *inter alia,* found that the police department

had discriminated against Kathryn Rogers, the complainant, because of her sex and directed that she be paid sick leave benefits for the period of her maternity leave from May 14, 1974 through August 14, 1974 with 6% interest from July 1, 1974 and further directed that the vacation days which she used between March 15 and April 4, 1974 be restored to her. On March 12, 1974, Kathryn Rogers, a police officer, filed a complaint with the State Division of Human Rights which alleged that, as a result of her pregnancy and expected delivery date of July 15, 1974, she was required by the department "Patrol Guide" to apply for a minimum 6-month and maximum 18-month unpaid leave of absence prior to the sixth month of gestation while male officers on sick leave remain on the payroll and receive benefits. On March 15, 1974, Ms. Rogers took a month's vacation with pay and then maternity leave from April 15 to August 20, 1974. Her baby was born on June 30, 1974. Pregnant public employees on maternity leave are entitled, for the duration of their disability, to the same sick pay benefits as employees disabled by illness or injury (Matter of Board of Educ. v State Div. of Human Rights, 42 AD2d 854-855, affd 35 NY2d 675; Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd., 35 NY2d 371, 376). However, such awards, not limited to the period of actual disability, have been found to be "improper" (Board of Educ. v New York State Div. of Human Rights, 45 AD2d 959). Indeed, there must be medical evidence of the total period of actual disability (State Div. of Human Rights v Board of Educ., 54 AD2d 1115-1116). Here, there was no competent medical evidence of when Ms. Roger's period of disability began or ended. Parenthetically, it is noted that the commissioner found that Ms. Rogers was disabled from May 19, 1974 until August 15, 1974, but awarded sick pay from May 15, 1974 to August 14, 1974. In regard to the restoration of vacation days, Ms. Rogers conceded that she never asked to continue working. Such benefits are properly awarded only when employees' requests to continue working are wrongfully denied (Board of Educ. v New York State Div. of Human Rights, 42 AD2d 49, 54, affd 35 NY2d 673; Matter of Union Free School Dist. No. 6 of Towns of Babylon & Oyster Bay v New York State Div. of Human Rights, 43 AD2d 31, 37). The award of 6% interest is clearly improper since interest on an "accrued claim" or judgment against a municipality, except in condemnation proceedings and wrongful death actions, is limited to 3% (see General Municipal Law, § 3-a, subd 1; Acme Bldrs. v County of Nassau, 36 AD2d 317, affd 31 NY2d 924). Moreover, interest was ordered to run from July 1, 1974 and no demand could be said to be made until the division ordered sick pay on April 30, 1975. Accordingly, the orders of the appeal board and the division are annulled. The provision for restoration of vacation pay is stricken and the matter is remanded to the State division for a determination of the complainant's actual disability due to pregnancy as a basis for an award of sick pay; interest on the award to be computed at 3%. Concur—Kupferman J. P., Lupiano, Fein, Markewich and Sullivan, JJ.