Inez B. SOMERS

v.

**ALDINE INDEPENDENT SCHOOL DISTRICT.**

**Civ. A. No. 75–H–2106.**

United States District Court,
S. D. Texas,
Houston Division.

Feb. 12, 1979.

Thomas R. Beech, Houston, Tex., for plaintiff.

L. Chris Butler, Reynolds, White, Allen & Cook, Houston, Tex., for defendant.

*Memorandum and Order:*

SINGLETON, District Judge.

Inez B. Somers, plaintiff in this action, is seeking injunctive relief and damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for the allegedly discriminatory actions of her former employer, Aldine Independent School District.

Trial of this action was held before the court on January 3, 1979. This Memorandum and Order constitutes the court's findings of fact and conclusions of law as follows.

Inez B. Somers was employed by the Aldine Independent School District (hereinafter referred to as "Aldine") as a teacher from August 19, 1970, through January 3, 1973. During that period of time, Aldine had a maternity policy which required pregnant employees to either take a mandatory leave of absence or be terminated following the third month of pregnancy. This mandatory leave was without pay and without any assurance of reinstatement. In addi-

tion, Aldine's sick leave policy did not include pregnancy.

On or about January 2, 1973, Ms. Somers informed Mr. Jack Welch, principal of Hambrick Junior High School where she was a teacher, that she was seven months pregnant. The next day, Mr. Welch informed Ms. Somers that she could no longer teach in Aldine because she was pregnant and that she must either take a leave of absence or be terminated. Ms. Somers refused to request a leave of absence and requested that she be allowed to continue teaching until the delivery of her child and that she be allowed to use her accumulated sick leave following the delivery, after which she would return to her teaching duties. Her request was refused in all respects.

There was no investigation on the part of Aldine as to Ms. Somers' physical ability to continue teaching. That aspect of the problem was not a factor in Aldine's decision to terminate her. In fact, Ms. Somers informed Mr. Welch, the Board of Trustees of Aldine Independent School District (hereinafter referred to as "the Board"), and the Commissioner of Education of the State of Texas (hereinafter referred to as "the Commissioner") that her doctor was in favor of her continued employment. The affidavit of Dr. J. L. Spezia supports Ms. Somers' contention that her pregnancy would have no detrimental effect on her continued employment. The fact that Ms. Somers continued teaching past the three-month-cutoff date through the seventh month of pregnancy without any problems to herself or her job further demonstrates her ability to perform her teaching duties unhindered by her pregnancy.

In further support of this court's finding that Ms. Somers was terminated solely because she was pregnant is Mr. Welch's testimony that up to January 3, 1973, Ms. Somers had performed all her duties well, and he had no criticism of her ability and performance as a teacher.

Following her termination on January 3, 1973, Ms. Somers appealed to the Board and filed a complaint with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"). The Board affirmed her termination as did the Commissioner of Education on Ms. Somers' appeal. The EEOC concluded there was reasonable cause to believe Ms. Somers' termination was the result of a sexually discriminatory maternity policy in violation of Title VII. When conciliation efforts by the EEOC failed to resolve the matter, Ms. Somers requested and received a "right-to-sue" letter and subsequently filed this lawsuit within ninety days.

Discrimination in employment which is based on pregnancy, childbirth, or related medical conditions was first prohibited by Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Act of 1972. Guidelines promulgated by the EEOC in 1972 state, *inter alia*, that exclusion from employment because of pregnancy is a violation of Title VII, 29 C.F.R. § 1604.10. Eighteen federal district courts and seven federal courts of appeals which have considered the issue of pregnancy-based discrimination in employment have held that such discrimination is prohibited by Title VII.

Regardless of this history, the Supreme Court in 1976 held that an employer's disability plan which excluded pregnancy-related disabilities was not violative of Title VII. *General Electric Co. v. Gilbert*, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976). In 1977 that Court denied sick leave benefits to pregnant employees in *Nashville Gas Co. v. Satty*, 434 U.S. 136, 98 S.Ct. 347, 54 L.Ed.2d 356 (1977).

On October 31, 1978, Title VII of the Civil Rights Act of 1964 was amended through Public Law 95–555. Civil Rights Act of 1964—Pregnancy Discrimination, Pub.L.No. 95–555, 92 Stat. 2076 (1979) (to be codified as 42 U.S.C 2000e–2(k)). This Act is intended to clarify Congress's original intent to include pregnancy-based discrimination in its prohibition of sex discrimination in employment. The committee report on Public Law 95–555 explicitly rejects the Supreme Court's holdings in both *Gilbert* and *Satty* and endorses the dissenting Justices' opinion in *Gilbert* as a correct interpretation of

Title VII. H.R.Rep.No. 95–948, 95th Cong., 2d Sess., *reprinted in* [1979] U.S.Code Cong. & Admin.News, pp. 6515–6531.

■ In view of Public Law 95–555, the facts of this case conclusively establish that Ms. Somers was discriminated against on the basis of sex in that she was denied sick leave with pay and ultimately terminated solely because she was pregnant. Furthermore, the evidence established that only pregnant female employees were required by Aldine to take mandatory, unpaid leave. Male employees suffering temporary physical disabilities were not required to take mandatory, unpaid sick leave or face termination because of any temporary disability, nor were they required to leave their positions prior to the onset of any disability and without any determination that they were indeed disabled. Ms. Somers, because she was pregnant, was subjected to all the above and is entitled to relief.

### RELIEF

■ The court's goal in fashioning a remedy under 42 U.S.C. § 2000e–5(g) is to restore the victim, so far as possible, to the status she would have held but for the unlawful discrimination.

In the instant case, Ms. Somers does not seek reinstatement to her former position with Aldine, but she does seek back pay for the period from January 3, 1973, to August 16, 1973, amounting to $3,811.14. In addition, she seeks $1,295, the value of her unused sick leave at the time of her termination, and $2,500 in attorneys fees.

Beginning August 16, 1973, Ms. Somers was employed by the Pasadena Independent School System (hereinafter referred to as "Pasadena") at a salary greater than that which she would have earned had she remained with Aldine. Clearly, Ms. Somers was not damaged past the date of her initial employment with Pasadena, and she does not so contend. Aldine, however, claims that Ms. Somers' salary at Pasadena should go to mitigate any damages from her termination on the theory that Ms. Somers' contract with Aldine was for two years and this suit was brought for termi-

nation of that contract. Ironically, Aldine argues that Ms. Somers actually profited from their illegal actions in that at the end of the two-year contract period, Ms. Somers earned more than she would have earned had she not been illegally terminated by Aldine.

Ms. Somers has based this lawsuit entirely on Title VII, not on any breach of contract theory. The contract in question stated only the salary for the first year. As a result of Ms. Somers' termination, she did not receive $3,811.14 which she would have earned had she finished the school year. During that period of time, the only income she did earn was $1,310.70 from her evening job as a night cashier. Aldine contends that this amount should go to mitigate the damage to Ms. Somers as a result of her termination. This approach might have merit had the evidence demonstrated that the cashier position was "interim" employment as defined in *Bing v. Roadway Express, Inc.,* 485 F.2d 441 (5th Cir. 1973):

> If a supplemental or moonlight job is one that the discriminatee cannot perform when he wins his new position, the supplemental job is necessarily temporary, provisional or "interim." By contrast if one can hold his supplemental job and his desired full time job simultaneously and there is reason to believe he will do so, the supplemental job assumes a permanent rather than interim nature.

*Bing* at 454.

■ The evidence was entirely to the contrary in that Ms. Somers worked evenings before her termination by Aldine and after her employment by Pasadena because she wanted the extra income. Her position as evening cashier was one she not only could but *did* hold simultaneously with her desired full-time job. Therefore, the amount she earned as an evening cashier from January 3, 1973, to August 16, 1973, will not be applied to reduce the amount of her back-pay award.

■ The next item of relief sought by Ms. Somers is the monetary value of 35 days of sick leave, at $37 per day, which Ms.

Somers had accumulated but not used during the time she was employed by Aldine. The total claimed here is $1,295. When Ms. Somers informed Mr. Welch that she was pregnant and wished to use her accumulated 35 sick days for her absence following the delivery of her child, Mr. Welch refused her request stating she must take a leave of absence without pay or be terminated. Either alternative precluded Ms. Somers from utilizing her accrued sick leave for pregnance-related absence.

Had Ms. Somers been allowed to continue teaching and use her accrued 35 days of paid sick leave for delivery and recuperation from childbirth, she would have earned and received $3,811.14 from January 3, 1973 to August 16, 1973. She would not have received that amount plus $37 per day for 35 days. There was absolutely no evidence to indicate that Aldine's sick leave policy operates in a manner whereby the disabled employee continues to receive her salary and, in addition, receives a per diem amount for each day that employee is absent from the job. Ms. Somers' request for relief based on the value of her accumulated sick leave should be denied.

Plaintiff and defendant have stipulated to a reasonable attorneys fee of $2,500, and the court finds that such should be awarded to the plaintiff.

In summary, the court finds that defendant Aldine Independent School District has violated the civil rights of Inez B. Somers in discriminating against her on the basis of sex; that Ms. Somers is entitled to recover back pay from the defendant Aldine in the amount of $3,811.14; and that, in addition, Ms. Somers is also entitled to recover $2,500 in attorneys fees from defendant Aldine.