In the Matter of NEW YORK STATE DEPARTMENT OF CIVIL SERVICE, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.

Third Department, February 22, 1979

### APPEARANCES OF COUNSEL

*John B. Cross* (*Harvey Randall* of counsel), for petitioner.

*Blank & Blank, P. C.* (*Diane Serafin Blank* of counsel), for Carol Wolfson, respondent.

*Ann Thacher Anderson* (*Daniel T. Campbell* of counsel), for New York State Division of Human Rights, respondent.

OPINION OF THE COURT

STALEY, JR., J.

On June 16, 1974, respondent, Carol Wolfson, filed a complaint with the State Division of Human Rights (hereinafter referred to as the "Division") charging her former employer, Union Free School District No. 11, her collective bargaining agent, the Oceanside Federation of Teachers, and petitioner, the New York State Civil Service Commission, as administrator of the State's employee health insurance program, with discrimination on the basis of sex in the terms, conditions and privileges of employment.

The basis of her complaint is that she was employed as a teacher by the Union Free School District No. 11 and, upon learning that she was pregnant and expecting delivery in August, 1974, she discovered that she was not eligible for matenity benefits under the GHI health insurance plan in which she had been enrolled for six years because she had enrolled in the individual plan rather than the family plan. She subsequently enrolled in the family plan at an additional premium of $3.25 per month which would cover $225 of hospital care expenses for normal delivery. The actual expenses for hospital, operating room, laboratory and obstetrician amounted to $828.

In December, 1973, complainant learned she was pregnant, and was thereafter informed she would not be covered for maternity benefits. In March, 1974, she enrolled for family coverage. She delivered her child in August, 1974. In September, 1974, her claim for maternity benefits was rejected on the ground she was pregnant at the time of enrollment in the family plan. It was further found that, although the insurance carriers set up specific reserves for future maternity costs, there are other insurable interests which can be foreseen, and for which separate reserves are not established. It was further found that prostatectomies, which are unique to male employees, do not require family coverage in order to be entitled to benefits, and that the requirement under the State-wide Plan and the GHI Option that a female employee enroll under the family plan and pay an additional premium to obtain maternity benefits renders the terms, conditions and privileges of these plans less favorable for female employees than for male employees.

The employer of respondent Wolfson and the union representing her contracted for health insurance coverage under

the New York State Health Insurance Program which offered as a choice of coverage (1) the State-wide Plan which consists of Blue Cross for hospitalization, Blue Shield for medical-surgical protection and Major Medical coverage; (2) the GHI Option which consists of Blue Cross for hospitalization and medical-surgical care provided by Group Health Incorporated; and (3) the HIP Option which consists of Blue Cross for hospitalization, and HIP medical-surgical care protection provided by a HIP medical group doctor. Under the State-wide Plan and the GHI Option, maternity benefits are provided only for a female enrolled for family coverage.

Respondent Wolfson contended that the health insurance plans discriminate on the basis of sex with regard to maternity benefits in that all three plans require that a female employee be enrolled in a "family plan" rather than an "individual plan" in order to be eligible for maternity benefits for herself for a normal delivery, and that if a woman has no spouse or dependent child, she cannot enroll in the family plan and is precluded from eligibility for maternity benefits. Further, there is no condition unique to males for which an employee must be enrolled in the family plan to be eligible for benefits.

The record establishes that the HIP Option has the same Blue Cross coverage as the State-wide Plan and the GHI Option, but provides comprehensive medical care only by HIP medical group doctors. It is not an insurance plan as much as it is a prepaid medical care plan. The HIP Option provides maternity benefits without any additional cost to either an individual enrollee or family enrollee, but medical-surgical care is provided to insured members through medical group centers by a medical group doctor. HIP provides benefits not on an insurance basis, but provides, regardless of whether a member is enrolled in the individual or family plan, a certain dollar amount to HIP of Greater New York which reimburses its various medical centers on what is called a capitation basis.

After a hearing, the Division found that the New York State Health Insurance Program offered three different types of coverage for employees. Under the State-wide Plan and GHI Option, maternity benefits are available only to employees who enroll for family coverage and under the HIP Plan (available only in certain areas of the State), full maternity benefits are provided without the need to select family

coverage. Complainant selected the GHI Option, and enrolled in the individual plan because her husband was individually covered at his own place of employment, and such choice was cheaper for both of them than if she had joined the family plan. At the time she enrolled, she did not intend to become pregnant in the foreseeable future.

It was also found that the limitation of $250 for maternity benefits under normal delivery under the plans and the unavailability of Major Medical coverage for additional expenses in a normal delivery rendered the terms, conditions and privileges of the Blue Cross and Major Medical coverages under the New York State Health Insurance Program less favorable for female employees than for male employees.

It was determined that the school district and the union, in adopting the New York State Insurance Program, discriminated against the complainant and other female employees of the school district in the terms, conditions and privileges of their employment because of their sex in violation of the Human Rights Law, and that the New York State Civil Service Commission, by negotiating, accepting, executing and effectuating the New York State Health Insurance Program, aided and abetted the school district and the union in discriminating against the complainant.

The Division ordered the respondents to (1) cease and desist from requiring female employees to be enrolled for family coverage in order to obtain maternity benefits; (2) to cease and desist from providing lesser medical benefits to female employees for pregnancy-related disabilities than they provide for other types of physical disabilities; (3) deliver within 90 days to all supervisory employees, all labor organizations representing their employees, all persons affected by this order, and any insurance carrier providing benefits under the New York State Health Insurance Program a written notice as follows: "Medical benefits for pregnancy-related disabilities will be provided to female employees covered under the New York State Health insurance Program to the same extent that such benefits are provided to employees for other types of temporary physical disabilities. Any policy rule or contractual provision inconsistent with this statement is to be deemed amended to incorporate this statement."

The New York State Civil Service Commission was also ordered within 90 days of the order to "renegotiate and revise the New York State Health Insurance Program to eliminate

terms and conditions, which are less favorable to female employees; and to provide instead, equal benefits with respect to pregnancy-related disabilities."

The order further provided that the school district pay complainant a sum of money equal to the difference between the sum of money paid to complainant on account of her hospital and doctor's bills, and the amount of money she would have received had said expenses arisen from non-pregnancy-related disabilities, and that the school district and the union shall provide benefits to female employees who are enrolled in either the individual or family plan for pregnancy-related disabilities to the same extent they provide such benefits to employees for other types of temporary physical disabilities.

The State Human Rights Appeal Board, with one member dissenting, affirmed the decision of the Division. Only the New York State Department of Civil Service has petitioned for review of that decision.

It has been held that rules of a school district regulating maternity leave were discriminatory because they treated pregnancy as a condition less liberally than all other physical conditions to which human beings are subject (*Matter of Union Free School Dist. No. 6 v New York State Div. of Human Rights,* 43 AD2d 31; *Board of Educ. v New York State Div. of Human Rights,* 42 AD2d 49, affd 35 NY2d 673).

It has also been held that an employment personnel policy which singles out pregnancy and childbirth for treatment different from that accorded other instances of physical or medical impairment or disability is prohibited by the Human Rights Law (*Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd.,* 41 NY2d 84, rearg den 42 NY2d 824; *Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.,* 35 NY2d 371; cf. *Matter of Westinghouse Elec. Corp. v State Human Rights Appeal Bd.,* 60 AD2d 943, app dsmd 44 NY2d 731, cert den 439 US — [Jan. 8, 1979]).

In the *Brooklyn Union Gas Co.* case *(supra),* the Court of Appeals held that the mandate of the Human Rights Law overrode the permissiveness of the Disability Benefits Law (L 1977, ch 675, § 29) excluding pregnancy-related disabilities from the statutory mandate of the Disability Benefits Law, and that such provision of the Disability Benefits Law did not

operate to shelter practices which would be impermissibly discriminatory under the Human Rights Law.

"Whichever statute imposes the greater obligation is the one which becomes operative. In the case before us, it is the HRL" (*Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd., supra,* p 88).

An employer which offers a comprehensive individual health insurance plan that denies benefits for pregnancy and childbirth clearly offers a less comprehensive plan to its female employees than to its male employees. A requirement that female employees must pay more for comprehensive coverage to include medical conditions unique to their sex than male employees pay for comprehensive coverage including all conditions unique to their sex is patently discriminatory.

Although the petitioner alleges that the relief ordered by the Commissioner of the Human Rights Division is not justified by the record and is inconsistent with the laws of the State, there is no specific contention in petitioner's brief that the provision in the order of the commissioner, dated February 7, 1977, that the complainant was entitled to a sum equal to the difference between the sum paid to complainant on account of her hospital and doctor's bills and the amount she would have received had the hospital and doctor's bills arisen from a non-pregnancy-related disability, was erroneous.

"Section 298 of the Executive Law provides that in enforcement proceedings in the Appellate Division '[t]he findings of fact on which such order is based shall be conclusive if supported by *sufficient evidence*' * * * The scope of review in the Appellate Division could scarcely be any broader than that of the appeal board." (*Matter of Mize v State Div. of Human Rights,* 33 NY2d 53, 57.)

The findings of the State Human Rights Appeal Board are supported by sufficient evidence in the record and should be confirmed.

The determination should be confirmed, and the petition dismissed, without costs.

GREENBLOTT, J. P., MAIN, MIKOLL and HERLIHY, JJ., concur.

Determination confirmed, and petition dismissed, without costs.