AMERICAN BANK NOTE COMPANY, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Determination of the State Human Rights Appeal Board dated February 9, 1979, affirming the decision and order of the Commissioner of the State Division of Human Rights dated April 28, 1978 finding, *inter alia,* that petitioner, with respect to pregnancy-related disability benefits, discriminated against Lorraine Voigt (complainant) and female employees generally because of sex, and ordering petitioner, *inter alia,* to pay Ms. Voigt damages in the sum of $1,450 with interest and further, ordering petitioner to identify other employees affected by petitioner's discriminatory practice during the year preceding the filing of Ms. Voigt's complaint and to pay them pregnancy-related disability benefits, annulled, on the law, without costs and disbursements and petition granted. There was no substantial evidence in the record as a whole to support the findings of the commissioner that petitioner discriminated against complainant and female employees generally because of sex with respect to pregnancy-related disability benefits (cf. *Gramatan v State Div. of Human Rights,* 45 NY2d 176, 179-182). Accordingly, we conclude that the commissioner's order affirmed by the appeal board was unwarranted under the Human Rights Law. Complainant asserts she was disabled because of pregnancy from April 15, 1977 to August 1, 1977. She did not file a claim for, or proof of, pregnancy-related disability with petitioner until October 4, 1977, two months after her disability ended. Petitioner did not pay complainant's claim, contending it was untimely under section 217 of the Disability Benefits Law (Workers' Compensation Law, art 9) Complainant argues that rejection of her claim was discriminatory because of sex, in violation of the Human Rights Law (Executive Law, § 296, subd 1, par [a]). Section 217 of the Disability Benefits Law provides, *inter alia,* that "no benefits shall be required to be paid for any period more than two weeks prior to the date on which the required proof is furnished". Subdivision 3 of section 205 of the Disability Benefits Law exempts employers from paying disability benefits for any period of disability due to pregnancy. Section 296 (subd 1, par [a]) of the Human Rights Law (Executive Law) prohibits discrimination by an employer because of the employee's sex. Under the holding in *Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd.* (41 NY2d 84), in which the relationship between subdivision 3 of section 205 of the Disability Benefits Law, and section 296 (subd 1, par [a]) of the Human Rights Law was considered, female employees disabled because of pregnancy are entitled to the same benefits as disabled male employees, notwithstanding the exemption for pregnancy provided in subdivision 3 of section 205 of the Disability Benefits Law. The Human Rights Law does not, however, require an employer to pay female employees benefits for disability due to pregnancy in circumstances in which the employer does not pay male employees benefits for disability. The record discloses that petitioner

has not paid disability benefits to male employees for any period more than two weeks before they furnished proof of disability to petitioner. Accordingly, petitioner need not pay disability benefits to complainant or any other female employees similarly situated, because of disability due to pregnancy, for any period more than two weeks before they furnished proof of disability to petitioner. Contrary to the commissioner's findings, the proof shows that, since approximately January, 1977, following the decision in *Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd., (supra),* employees disabled for pregnancy have presented disability benefits claims to petitioner, which, if timely filed under the standard of section 217 of the Disability Benefits Law have been paid. In these circumstances, on the record before us, there is no basis to require petitioner to pay damages to complainant or "Identify other employees affected by [petitioner's] unlawful discriminatory practice at any time since the date preceding by one year the filing of the complaint, and pay them [pregnancy-related disability benefits]". Concur—Birns, J. P., Sandler, Sullivan, Markewich and Lynch, JJ.