Hon. Werner H. Kramarsky Commissioner State of New York Executive Department Division of Human Rights
This is in response to your letter raising several questions concerning the relationship of Title VII of the 1964 Civil Rights Act,42 U.S.C. § 2000e et seq., ("Title VII") the Disability Benefits Law, § 205 (3) (Worker's Compensation Law, Article 9) ("DBL") and the Human Rights Law (Executive Law, Article 15) ("HRL") in the area of disability benefits provided for pregnancy, and the effect of the latest amendment to Title VII, P.L. 95-555, on those State Laws.
The relationship between Title VII and DBL, § 205 (3)
The 1964 Civil Rights Act provides that State laws which are inconsistent with the purposes or provisions of the Act are superseded (42 U.S.C. § 2000h-4).*
P.L. 95-555, effective April 29, 1979, amended Title VII's definition of sex discrimination in employment to include discrimination based on pregnancy, childbirth or related medical conditions.** It is now unlawful for employers covered by Title VII*** to provide disability benefits for pregnancy, childbirth or related medical conditions which are different from benefits provided for other medical conditions. Somersv Aldine, 464 F. Supp. 900 (S.D. Tex. 1979); House Report, US Code Cong. Admin. News, 95th Cong. 2d Sess. (1978).
The DBL, as amended in 1977 (L 1977, ch 675, § 29), requires employers to provide benefits for the period of an employee's disability up to twenty-six weeks, except in the case of pregnancy disability where only up to eight weeks of benefits are required. DBL, § 205 (3). Because DBL, § 205 (3) permits employers to provide pregnancy disability benefits for a shorter time period than is required for all other disabilities, its requirements are inconsistent with those of Title VII. Therefore, in this area, § 205 (3) is superseded; a New York State employer who chooses to operate under the statutory plan set forth in the DBL, and to whom Title VII also applies, must comply with Title VII by providing disability benefits of equal duration for all disabilities. Similarly, employers who provide enriched disability benefits and who come under Title VII's prohibitions must provide equally enriched benefits for pregnancy disability.
The relationship between the HRL and the DBL
Preliminarily, it should be noted that states are free to enact laws that are consistent with or more protective than Title VII.42 U.S.C. § 2000e-7, 2000h-4; Leblanc v Southern Bell Telephone,333 F. Supp. 602 (E.D. La. 1971), affd 460 F.2d 1228 (5th Cir), cert den, 409 U.S. 990 (1972); Shehadeh v Chesapeake Potomac Tel. Co.,595 F.2d 711 (D.C. Cir, 1978). The New York State Court of Appeals has construed the HRL as prohibiting sex discrimination by denial of disability benefits based on an employee's pregnancy. Brooklyn Union GasCo. v New York State Human Rights Appeal Board, 41 N.Y.2d 84 (1976); see also Westinghouse Electric Co. v New York State Human Rights AppealBoard, 60 A.D.2d 943, 401 N.Y.S.2d 597 (3d Dept), app dsmd, 44 N.Y.2d 731
(1978), cert den, 439 U.S. 1073 (1979). Thus, the Human Rights Law is consistent with Title VII, as amended by P.L. 95-555, and remains in full force and effect.
The relationship between the HRL and the DBL on this subject becomes particularly important for employers who are not covered by Title VII, but who must comply with the HRL.
In Brooklyn Union Gas Co., 41 N.Y.2d at 85 (1976), the New York State Court of Appeals held "that the provisions of subdivision 3 of [the DBL] do not operate to shelter employment practices in the private sector that would otherwise be impermissibly discriminatory under [the HRL]. The imperative of the latter overrides the permissiveness of the former."*
At that time, DBL, § 205 (3) provided that employers need not provide disability benefits for pregnancy at all, while under the HRL, an employer's failure to provide disability benefits for pregnancy while providing benefits for all other disabilities constituted unlawful sex discrimination. The Court determined that the HRL and the DBL are "skew" statutes; that is, they each create separate and independent minimum requirements, but from different perspectives. (Cf, Avnet, Inc. vAmerican International Life Assurance Co., ___ N Y 2d ___ [April 24, 1980].) Where both statutes are applicable, the HRL, which imposed the greater obligation, renders the DBL "dormant." 41 N.Y.2d at 88. The Court of Appeals noted, too, that if the DBL had not merely set a floor for benefits but contained provisions prohibiting employers from treating pregnancy-related disabilities the same as others, then the HRL and the DBL would have been deemed repugnant, forcing one to give way to the other. However, that was not the case in 1976, as it is not the case today.
The DBL, as amended effective August 3, 1977, requires employers to provide up to 8 weeks of disability benefits for pregnancy, while they must continue to provide up to 26 weeks for all other disabilities. The DBL now provides, too, that the Worker's Compensation Board is the only statutory recourse for employees seeking pregnancy disability benefits.*
The DBL however, still does not prohibit employers from treating pregnancy-related disabilities the same as other disabilities, nor is it at all concerned with eradicating sex discrimination. Therefore, the relationship between the DBL and the HRL discussed in Brooklyn Union GasCo. is not altered because the statutes remain reconcilable.** Once a pregnant employee exhausts her remedy under the DBL and is awarded 8 weeks of benefits, if she continues to be disabled, and her employer provides benefits of greater duration for other disabilities, the HRL comes into play. In that situation, the State Division of Human Rights retains its authority to hear, adjudicate and remedy claims of sex discrimination for denial of equal "terms, conditions, and privileges of employment" on account of pregnancy.
* "Nothing contained in any title of this Act shall be construed as indicating an intent on the part of Congress to occupy the field in which any such title operates to the exclusion of State laws on the same subject matter, nor shall any provisions of this Act be construed as invalidating any provision of State law unless such provision isinconsistent with any of the purposes of this Act, or any provisionthereof." 42 U.S.C. § 2000h-4. (Emphasis supplied).
** "The terms `because of sex' or `on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth or related medical conditions shall be treated the same for all employment related purposes including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 2000e-2 (h) shall be interpreted to permit otherwise." 42 U.S.C. § 2000e
(k).
*** An employer covered by Title VII is one "engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e (b).
* The Court of Appeals also stated at page 87 that "[I]t does not have to be concluded that the Human Rights Law articulates a superior command or that it reflects a worthier public policy than does the DBL; it suffices if it be recognized that the HRL expresses a different command" i.e., the eradication of impermissible sex discrimination.
* ". . . and the liability of the employer or the chairman as provided in this article shall be the exclusive statutory remedy of an employee for disability caused by or arising in connection with a pregnancy." Disability Benefits Law (Worker's Comp. Law), § 205 (3) (McKinney's 1979). (Emphasis supplied).
** The Court of Appeals holding in Brooklyn Union Gas Co. that an employer's failure to provide equal benefits on account of pregnancy constitutes sex discrimination in violation of the HRL remains the law.Javier v Netumar Inc., 58 A.D.2d 912, 396 N.Y.S.2d 496 (3d Dept, 1977);NYS Dept. of Civil Service v NYSHRAB, 66 A.D.2d 309, 414 N.Y.S.2d 46 (3d Dept, 1979); Shagman v R.H. Macy Co., 70 A.D.2d 708, 416 N.Y.S.2d 764 (3d Dept, 1979). See also American Bank Note Co. v SDHR, 71 A.D.2d 583,418 N.Y.S.2d 436 (1st Dept, 1979).