In the Matter of ROBERT CHAVKIN, Petitioner, v IRMA V. SANTAELLA, as Chairperson of the State Human Rights Appeal Board, et al., Respondents.

First Department, June 11, 1981

### APPEARANCES OF COUNSEL

*Robert Chavkin*, petitioner *pro se*.

*Alan J. Saks* of counsel *(Ann Thacher Anderson*, attorney), for the State Division of Human Rights, respondent.

*Gary R. Tarnoff* and *Marin A. Campbell* of counsel *(Allen G. Schwartz, Corporation Counsel*, attorney), for Townsend Barnett and another, respondents.

### OPINION OF THE COURT

FEIN, J.

This is a proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights

Appeal Board dated October 8, 1980 which affirmed an order of the State Division of Human Rights dated October 31, 1979 dismissing petitioner's complaint of sex discrimination upon a finding of lack of probable cause.

Petitioner is a probation officer employed in the New York City Department of Probation (Department), working in Kings County Criminal Court, Investigations Division. By letter of June 20, 1978 petitioner applied for infant care leave (unpaid) in expectation of the birth of his second child due in August, 1978. In that letter he objected to the Department's practice of allowing only female employees to use accrued sick leave in connection with infant care leave in order to extend the paid portion of the leave, and requested that the regulation "be amended to allow male employees to utilize such leave credits while on infant care leave." It is conceded that this letter constituted a request for utilization of petitioner's accrued sick leave, which was denied.

Petitioner filed a complaint with the State Division of Human Rights (Division), alleging that although the rules and regulations of the New York City Department of Probation provide that all employees are eligible for infant care leave, only women are permitted to utilize accrued sick leave and annual leave. Petitioner asserted that he was discriminated against because he was denied the opportunity to use his "accrued sick leave". Thus petitioner challenged both the Department's regulations and the implementation of those regulations.

In response to the Division's inquiry, the Department asserted that it had proceeded on the basis of its regulation effective January 1, 1977, stating: "Where an employee has accrued sick leave and/or annual leave balances, she or he shall be continued in pay status for a period of time equal to her or his accrued sick leave, annual leave." However the Department conceded that the regulation was amended by supplement dated January 27, 1977, which provided: "When a pregnant employee has accumulated sick leave and/or annual leave balances, she shall be continued in pay status for a period of time equal to her accrued sick leave, annual leave and overtime balances." The

Department conceded that the denial of the use of sick leave to petitioner was based upon this regulation and asserted that the regulation was not discriminatory since it applied equally to male and female employees, giving a special advantage only to pregnant employees.

In response, petitioner submitted the names of two female colleagues, who were granted infant care leave and utilized sick leave balances in connection therewith. No further investigation was made by the Division. A field representative filed an interoffice memorandum recommending dismissal on the basis of no probable cause. The memorandum merely recited the facts and without giving any reason asserted there was no evidence of discrimination. The recommendation was adopted by the Division by determination dated October 31, 1978 as follows: "The gist of this complaint is the belief that male employees who avail themselves of respondent's infant care leave provisions are not permitted to use their sick leave, whereas female employees may do so. This is an error. Investigation reveals that under the infant care leave provisions, only employees who are actually 'sick' and cannot perform their duties for medical reasons, are permitted to use sick leave accruals. There is no distinction made on the use of this leave based on anyone's sex."

On petitioner's appeal to the Human Rights Appeal Board he submitted the names of two female co-workers who had taken infant care leave and who were granted credits for accrued sick leave although they were not required to submit medical evidence of inability to work when they returned after their pregnancies.

By order dated October 9, 1980 the appeals board affirmed the determination of the Human Rights Board without opinion. This article 78 proceeding followed. It is first asserted on behalf of the city Department of Probation that the Division correctly concluded that only sick employees may use accrued sick leave in connection with infant care leave, as required by the union contract. However, it appears that for administrative reasons the practice is to allow a pregnant employee who takes child care leave to take her accrued sick leave prior to beginning the child

care leave. Moreover, it appears that female employees are not required to furnish evidence of pregnancy-related disability in order to utilize sick leave. Also overlooked is the fact that the quantum of accrued sick leave has no necessary relationship to the period of time during which a particular female may actually be disabled because of her pregnancy. Nonetheless, the city alternatively argues that the regulation is neutral on its face and in operation, applying to men and women equally except to the extent that pregnant women are justifiably permitted to utilize sick leave because the trauma of childbirth generally causes disability to work. Thus, the city does not rely upon the Division's determination that the regulation applies only to "sick employees". The city contends that even if the Division erred, there was a rational basis in the evidence for the ultimate determination which should not be disturbed because the regulations do not result in an unlawful discriminatory practice on the basis of sex.

In essence, the city's defense rests on the proposition that the regulation is neutral on its face, that both male and female employees may utilize infant care leave and no employee may use accrued sick leave during infant care leave, except that pregnant employees may use accrued sick leave prior to the commencement of infant care leave. However, this ignores the concession made by the Division in its answer to the petition agreeing that the prior administrative determination and the appeal board's affirmance were erroneous, stating: "The determination of the Regional Director, under whose aegis the complaint was investigated, was that complainant misunderstood the City's policy. In finding no probable cause, the Regional Director concluded that the City permits an employee on infant care leave to use sick leave credits only if the employee is actually sick, i.e., unable for medical reasons to perform his or her actual duties, and that such policy is enforced without regard to sex. It is submitted that the record of the investigation does not support that conclusion * * * To the contrary, the evidence so far adduced seems to indicate that only a female employee who has given birth to a child may use sick leave credits while on infant care leave and that such a woman may use sick leave credits as a matter of

course, without being requested by the City to produce any evidence of actual disability for the period in which sick leave credit is claimed."

It is now settled that a pregnant employee who takes an unpaid pregnancy-related leave must be permitted to take advantage of her accrued sick and annual leave to the same extent as though she were suffering from some other temporary physical disability *(Matter of Board of Educ. v State Div. of Human Rights,* 42 AD2d 854, affd 35 NY2d 675; *Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd.,* 41 NY2d 84, 90-91; *Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.,* 35 NY2d 371, 376).

Presumably the Department's regulation is designed to comply with these decisions. Central to the problem is the fact that the nexus of the right to paid sick leave is the physical disability to work, which fathers obviously do not suffer upon the birth of a child (see *Matter of Police Dept. of City of N.Y. v New York State Human Rights Appeal Bd.,* 65 AD2d 538; *American Bank Note Co. v State Div. of Human Rights,* 71 AD2d 583, affd 49 NY2d 852).

However, on the evidence in this case it is clear that the physical disability to work is not the basis for utilization of accrued sick leave. So far as appears from this record the regulation and the union contract and the implementation of both appear to measure the length of the pregnant mother's inability to work by the amount of her accumulated sick leave without any demonstration of physical disability. To the extent that the regulation so intends and that its implementation so operates, there is an apparent discrimination, at least to the extent that a pregnant woman who is able to work is authorized to utilize her sick leave, while a man who has fathered a child and been given home care leave is denied the right to utilize sick leave. This is apparently recognized by counsel for the Division in its request that the matter be remanded for further investigation. Thus, the city's assertion that the Division's thorough investigation provided a rational basis for the Division's determination is without support in the record. The Division now concedes that it appears that the Department

implements its policy in a discriminatory manner in that mothers are permitted to use sick leave credits as a matter of course without producing evidence of actual disability for the period involved. The only evidence before the board was the regulation which we are now told was misinterpreted, and the submission of the names of two female workers who utilized sick leave credit upon taking infant care leave without being required to submit medical documentation of disability.

The failure of the Division to make a proper investigation and the misinterpretation of the regulation should not preclude petitioner from an appropriate determination and declaration of his rights. To that end, remand is necessary for a determination with respect to the validity of the regulations on their face and their implementation, and we so direct.

The determination of the State Human Rights Appeal Board dated October 8, 1980, which affirmed the determination of the State Division of Human Rights dated October 31, 1979, dismissing petitioner's complaint of sex discrimination upon a finding of lack of probable cause, should be annulled on the law, without costs and disbursements, and the matter remanded to the State Division of Human Rights for further consideration consistent herewith.

Ross, J. P., Carro, Bloom and Lynch, JJ., concur.

Order of the State Human Rights Appeal Board dated October 8, 1980, annulled on the law, without costs and without disbursements, and the matter remanded to the State Division of Human Rights for further consideration consistent with the opinion of this court.