In the Matter of STATE DIVISION OF HUMAN RIGHTS, Petitioner, v BOARD OF EDUCATION, DRAPER SCHOOL DISTRICT, TOWN OF ROTTERDAM, Respondent.

Third Department, April 1, 1976

*William M. Miles (Ann Thacher Anderson* of counsel), for petitioner.

*Pemberton, Buchyn & O'Hare (Joseph J. Buchyn* of counsel), for respondent.

LARKIN, J. After the Commissioner of the State Division of Human Rights (Division) had determined that respondent's policy prohibiting pregnant teachers from working beyond the end of the fourth month of pregnancy, and requiring those who were eligible to thereupon commence a lengthy period of unpaid maternity leave, was discriminatory in the terms, conditions and privileges of employment (Executive Law, § 296, subd 1, par [a]; see *Board of Educ. of Union Free School Dist. No. 2, East Williston, Town of North Hempstead v New York State Div. of Human Rights,* 42 AD2d 49, affd 35 NY2d 673), he issued on November 21, 1973 orders in proceedings instituted by two complainants which required respondent to take a number of steps to remedy the existing discrimination.

The paragraphs designated "4" in each order, which are in issue on this proceeding, provide: "4. The said Respondent shall permit female teachers, including the Complainant herein, to use accrued sick leave to reduce the unpaid maternity leave". After affirmance by the State Human Rights Appeal Board (Executive Law, § 297-a), the Division undertook to ascertain compliance with its orders (Executive Law, § 297, subd 7).

The Division directed respondent to issue a memorandum permitting pregnant teachers to work until directed otherwise by physicians and to resume work at any time after giving birth and to "permit female teachers to use accrued sick leave benefits to reduce unpaid maternity leave". The final paragraph of the memorandum dated May 20, 1975 issued by the respondent Board of Education in purported compliance with this direction stated: "In view of the decision of the State

Division of Human Rights, it should be noted here that the district has no policy mandating unpaid leave in cases of pregnancy. Disability due to pregnancy is to be treated as any other disability under the sick leave policies of the district. *It should be noted further that sick leave is not applicable during a period of unpaid leave"* (emphasis supplied).

The policy of respondent evidenced by this memorandum and by a subsequent letter addressed to the district teacher's association was to present a pregnant teacher with a choice: she could choose to take either unpaid maternity leave or sick leave. If unpaid leave was desired, it had to commence no later than the onset of disability. Once such unpaid leave commenced, accrued sick leave benefits could no longer be used. If sick leave was desired, the pregnant teacher could take such leave commencing with the onset of her actual disability and was required to return to work with the termination of her actual disability. It is clear that this policy contravened the orders of the Division and that a finding of noncompliance was properly based thereon.

We must decide whether respondent's denial of sick leave benefits to complainants, on the basis of its aforesaid policy, constituted a discrimination based on sex in violation of paragraph [a] of subdivision 1 of section 296 of the Executive Law. In an enforcement proceeding under section 298 of the Executive Law this court is obligated "to examine and test the merits in any proceeding properly before it, whether initiated by a party aggrieved to obtain review, or by the division itself to obtain an order of enforcement" *(Matter of State Div. of Human Rights v Bystricky,* 30 NY2d 322, 326). Our review is, however, limited to determining whether the exercise of power by the Division herein was clearly arbitrary, discriminatory and without reasonable basis *(State Div. of Human Rights v Kilian Mfg. Corp.,* 35 NY2d 201). "The findings of fact on which such order is based shall be conclusive if supported by sufficient evidence on the record considered as a whole" (Executive Law, § 298).

Although we agree with the commissioner's findings of fact, as set forth in the said orders dated November 21, 1973, we reject so much of each order, contained in the paragraphs designated "4", as requires respondent in all cases to allow female teachers to use accrued sick leave benefits to reduce the unpaid maternity leave. We conclude that such requirement, under all of the circumstances herein, is arbitrary,

without reasonable basis and bears no relationship to discrimination in employment by reason of sex. Contrary to the arguments advanced by petitioner, there is no case dispositive of the precise issue presented herein.

Petitioner relies upon a case from the Appellate Division, Second Department, arising from the petitioner's attempt to enforce a directive containing language identical to that in the paragraphs numbered "4" in issue herein. The Second Department modified the order by deleting the paragraph "4" language and substituting the following: "4. Said respondents shall pay any teacher physically disabled by reason of maternity accrued sick leave benefits for that portion of the school year coinciding with such disability or aggravation of such disability, provided she furnish to said respondents a certificate from her attending physician to the effect that during such period of time she was, in fact, physically disabled" *(Board of Educ., Cent. School Dist. No. 1, Towns of Brookhaven & Smithtown v New York State Div. of Human Rights,* 45 AD2d 959). Petitioner argues that the standard contained in *Board of Educ., Cent. School Dist. No. 1, Towns of Brookhaven & Smithtown v New York State Div. of Human Rights (supra)* should be applied "no matter what type of leave of absence has been requested by the teacher or granted by respondent". We find no justification, either in case law or in logic, for petitioner's assertion. It should be noted that the facts of this case, so heavily relied upon by petitioner, are not reported.

In *Matter of Board of Educ. of City of N. Y. v State Div. of Human Rights* (35 NY2d 675, affg 42 AD2d 854), the Court of Appeals affirmed an order of the Appellate Division which held that "a pregnant teacher who goes on maternity leave should be permitted to use sick leave and sabbatical leave to the same extent as other teachers suffering from a temporary disability *for the duration of such disability"* (emphasis supplied, 42 AD2d, at p 854). The court found that the complainant commenced maternity and child care leave approximately two weeks prior to giving birth and remitted the matter for a finding as to "when [complainant's] disability ended" *(id.,* at p 855). The strong inference to be drawn from the brief recitation of facts therein is that the situation was similar to that governed by one of the present alternatives of the respondent herein: a teacher may take sick leave commencing with the onset of her actual disability and return to work upon the

termination of her actual disability, for which time she may use accrued sick leave benefits.

The policy of respondent provides a pregnant teacher with full protection of her income and, consequently, against the discrimination in employment by reason of sex *(Board of Educ. of Union Free School Dist. No. 2, East Williston, Town of North Hempstead v New York State Div. of Human Rights,* 42 AD2d 49, affd 35 NY2d 673, *supra)* if leave for the period of physical disability only is sought. The respondent goes beyond this, however, in also allowing a pregnant teacher to opt for a lengthy period of unpaid leave. The same reasoning which mandates school districts to allow pregnant teachers to work unless actually disabled leads to the inexorable conclusion that a lengthy maternity leave, such as is presented to respondent's teachers as a second alternative is for reasons other than physical disability.

A female teacher electing to take advantage of respondent's unpaid leave rather than taking the shorter disability leave has voluntarily elected to interrupt her income for purposes unrelated to actual physical disability. There is no reason why this period of unpaid leave should be treated any differently from the months of July and August, when a disability on the part of a teacher, female or male, will not trigger sick pay benefits. There is no more reason why a teacher on unpaid maternity leave should be granted sick leave benefits for the period of pregnancy related disability than she should be granted such benefits for a disability completely unrelated to pregnancy occurring during this period. In our opinion, the granting of such benefits would bestow an unwarranted "windfall" upon the female teacher who chooses the unpaid leave. Petitioner's determination to the contrary is unsupported, arbitrary and capricious.

The order should be modified, on the law, to the extent that it affirms the orders dated November 21, 1973 of the Commissioner of Human Rights by striking directive "4" in the second decretal paragraph of each order and substituting the following language therefor: "4. The said respondent shall pay any teacher physically disabled by reason of maternity accrued sick leave benefits for that portion of the school year coinciding with such disability or aggravation of such disability, unless such teacher has elected to take unpaid maternity leave during which sick leave is not applicable, provided she furnish to said respondent a certificate from her attending

physician to the effect that during such period of time she was, in fact, physically disabled"; and, as so modified, the order should be affirmed, without costs.

SWEENEY, J. P., KANE, MAIN and REYNOLDS, JJ., concur.

Order modified, on the law, to the extent that it affirms the orders dated November 21, 1973 of the Commissioner of Human Rights by striking directive "4" in the second decretal paragraph of each order and substituting the following language therefor: "4. The said respondent shall pay any teacher physically disabled by reason of maternity accrued sick leave benefits for that portion of the school year coinciding with such disability or aggravation of such disability, unless such teacher has elected to take unpaid maternity leave during which sick leave is not applicable, provided she furnish to said respondent a certificate from her attending physician to the effect that during such period of time she was, in fact, physically disabled"; and, as so modified, order affirmed, without costs.