■ STATE DIVISION OF HUMAN RIGHTS, Petitioner, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF TONAWANDA, Respondent.—Application unanimously denied, without costs, order modified and matter remitted to State Division of Human Rights for further proceedings in accordance with the following memorandum: This is a proceeding pursuant to section 298 of the Executive Law for enforcement of an order of the State Human Rights Appeal Board, dated April 14, 1975, affirming an order of the division dated January 17, 1974. The division's order was issued after a public hearing on a complaint filed by Phyllis J. Schulte (complainant), against respondent and respondent's Superintendent of Schools. Complainant, who is a teacher employed by respondent, alleged in substance that she became pregnant in 1972; that on or about June 22, 1972 she notified respondent of her pregnancy and stated that she wanted to continue teaching as long as her physician permitted; and that respondent, despite her wishes, placed her on unpaid maternity leave from September 1, 1972 to August 31, 1973. Complainant charged respondent with unlawful discrimination as to sex in terms, conditions and privileges of employment. Thereafter the Division of Human Rights conducted an investigation of complainant's allegations, found probable cause and directed the matter to a public hearing. On January 17, 1974 the division issued its order which found that respondent had discriminated against complainant because of her sex in terms, conditions and privileges of her employment. In Directive No. 1 the division directed respondent, *inter alia,* to: "pay to complainant back pay for the period September 1, 1972 to January 25, 1973 * * * Respondent shall also restore to complainant all other rights, benefits and privileges to which she may have been entitled has [sic] she been working during the period September 1, 1972 to January 25, 1973." In Directive No. 4 the division also directed respondent to: "permit pregnant teachers to use accrued sick leave benefits for those days during their unpaid maternity leave in which they were unable to work for physical reasons." Respondent appealed to the State Human Rights Appeal Board from the division's order. On April 14, 1975 the appeal board issued an order affirming the division's order in all respects. Thereafter, on May 21, 1975 respondent tendered payment to complainant of all back pay pursuant to the above Directive No. 1. Therefore, on this proceeding for enforcement, only two issues are presented to the court. First, pursuant to Directive No. 4, can respondent be ordered to pay complainant for 30 days of alleged actual physical disability during complainant's forced maternity leave? Secondly, pursuant to Directive No. 1, can respondent be ordered to pay complainant $114, allegedly spent by complainant in completion of six graduate credits during her forced leave? On this motion for enforcement, the questions must be answered in the negative. A pregnant teacher who takes a pregnancy-related leave must be permitted to take advantage of her sick leave to the same extent as if she were suffering from some other temporary physical disability *(Union Free School Dist. v New York State Appeal Bd.,* 35 NY2d 371, 376; *Camillus Cent. School Dist. v State Div. of Human Rights,* 44 AD2d 774; *Board of Educ. v New York State Div. of Human Rights,* 42 AD2d 49). Thus, when a teacher continues teaching until she is no longer physically capable of continuing, and an attending physician so certifies, she may then collect accrued sick pay for her disability. The total period of actual disability must also be confirmed by the attending physician. Thereafter, the teacher's election to take an unpaid maternity leave should have no retrospective bearing on her prior leave due to physical disability. Directive No. 4, absent any evidentiary basis for determining the length of disability and when it

began, is an "arbitrary" exercise of power *(State Div. of Human Rights v Kilian Mfg.,* 35 NY2d 201), and must be modified to state: "Said respondent shall pay any teacher physically disabled by reason of maternity accrued sick leave for that portion of the school year coinciding with such disability, provided she does not commence said sick leave until actually disabled, and provided further that she furnish to said respondent a certificate from her attending physician specifying the date that her physical disability began, and that it continued for the alleged period of time." Because the only evidence pertaining to the commencement and length of complainant's disability is her own testimony, the case is to be remitted to the division to give complainant an opportunity to produce the appropriate physician's certificates. The division also seeks enforcement of an order directing respondent to pay complainant $114 for graduate credits completed by her during the forced leave. However, the record contains no evidence indicating compliance by complainant with the provisions of the teachers' collective bargaining agreement pertaining to payment for graduate credits. This court may not exercise its discretion in issuing an enforcement order without an adequate basis in the record *(Matter of State Div. of Human Rights v Union Carbide Corp.,* 34 AD2d 636). This aspect of the proceeding is also remitted to the division in order that an appropriate evidentiary record may be adduced. The petition of Human Rights Division is denied; Directive No. 4 is modified as above provided; and the matter is remitted to the division for the purpose of making an appropriate evidentiary record in accordance herewith, all without prejudice to a renewal of the application, if so advised, upon completion of the record as indicated herein. (State Division of Human Rights—proceeding pursuant to section 298 of the Executive Law.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.