Memorandum. The order of the Appellate Division should be affirmed.
The collective bargaining agreement between the Board of Education and the teachers association had adopted the preexisting policy of the board with respect to maternity leaves. Under that policy a pregnant teacher was obliged to take maternity leave beginning no later than the end of the sixth month of pregnancy and ending at the beginning of the academic semester following six months after delivery. Such leave was without pay and without credit for accumulated sick leave. The division determined that this policy violated the mandate of the Human Rights Law (cf. Union Free School Dist. v New York State Human Rights Appeal Bd., 35 NY2d 371, mot for rearg den 36 NY2d 807).
The Board of Education did not contest this determination and made the payments of back pay to the complainants in accordance with the division’s directive. Thus, the financial claims of the individual complainants were fully satisfied.
With respect to the affirmative action ordered by the division, the Board of Education abandoned the offending policy and replaced it with a substitute policy, adopted unilaterally but apparently with the tacit approval of the teachers association. Under the new policy a pregnant teacher was given an option. She could take sick leave for the period commencing with the onset of her actual disability and ending with the termination of actual disability, in which event sick leave credits would be fully applicable as in the instance of any other disability. In the alternative the pregnant teacher could *1023 elect to take a leave of absence for a more extended period to commence no later than the onset of her disability and to extend to a reasonably predetermined date following delivery, during which leave of absence sick leave credits would not be available.
On investigation as to the Board of Education’s compliance with the affirmative action provisions of its orders the division determined that this new policy violated such provisions and worked a discrimination impermissible under the Human Rights Law. It thereupon instituted the present enforcement proceeding at the Appellate Division (Executive Law, § 298), for the purpose of compelling the Board of Education to apply sick leave credits in all cases of pregnancy-disability whether the teacher elected sick leave or leave of absence.
The Appellate Division, while agreeing that there was a violation of the terms of the division orders, rejected the substantive contentions of the division and, after clarification in nonsubstantial aspects, modified the order of the appeal board to direct the Board of Education to carry out its substituted, new policy with respect to pregnancy-related disabilities.
The case comes to us on the basis of the stipulation of the parties entered into on the challenge to the initial, now replaced policy and hence prior to the adoption by the Board of Education of the new policy. Not surprisingly, then, there are gaps in the record before us, as sometimes occurs in such procedural settings. That the existence of these voids is understandable does not serve to fill them. Critical in our view is the fact that there is no sufficient proof as to the comparable policies of the Board of Education with respect to non-pregnancy-related disabilities. While we take it to be established that sick leave with full sick leave credits during a period of actual disability is equally available in all instances of disability, there is no basis in this record for making a judgment as to whether an alternative leave of absence option is or is not available for non-pregnancy-related disabilities. More precisely, it cannot be determined whether there is any option at all, or, if a choice is open, whether its terms correspond to those offered to pregnant teachers as an alternative, and in particular whether sick leave credits may be applied against a leave of absence. If substantial parallelism be assumed then it may forcefully be argued that there is no discrimination; on the other hand if it were to be taken that there is no such *1024 parity an equally persuasive argument may be made that there is impermissible discrimination.
In this state of the record we can only conclude that there is not sufficient evidence on this record considered as a whole to support the determination of the division and thus to entitle it to the enforcement order that it seeks.