evidence to warrant submitting the question of punitive damages to the jury, and if so the jury should be instructed with respect to the limited circumstances in which such an award may be made. Accordingly, a retrial should be had on the first and second causes of action with respect to liability and on the first, second, fourth, and fifth causes of action with respect to all damage issues. Defendant's answer shall be deemed to have been amended to include the affirmative defense of justification to the first two causes of action. (Appeal from judgment of Niagara Supreme Court—false arrest.) Present—Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.

■ State Division of Human Rights, Respondent, v Stromberg Carlson Corporation, Petitioner, and I. U. E., Local No. 338, Respondent.—Determination unanimously reversed insofar as it awarded damages and otherwise confirmed, without costs, and matter remitted to State Division of Human Rights for further proceedings in accordance with the following memorandum: An employer must provide benefits for pregnancy-related disabilities to the same extent it provides such benefits for other temporary physical disabilities (Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd., 41 NY2d 84). There is substantial evidence in the record to support the commissioner's findings that Stromberg Carlson maintained a policy of forced maternity leaves without pay and that the company's disability and medical benefits plans discriminated against women. Therefore, the determination made by the commissioner that the complainant is entitled to back pay for that part of the maternity leave during which she was willing and able to work, to disability pay for the period she was disabled and to reimbursement of uncovered medical expenses related to the pregnancy is not arbitrary and capricious. However, the only evidence to support the commissioner's determination with respect to when complainant's disability commenced and how long it lasted is the complainant's own testimony. Absent a certificate or other evidence from the attending physician, such proof is not sufficient to support the determination (State Div. of Human Rights v Board of Educ., 54 AD2d 1115). Thus, the matter must be remitted to the State Division of Human Rights in order for complainant to produce the necessary proof. Stromberg Carlson's other arguments have been considered and found to be without merit. (Proceeding pursuant to Executive Law, § 298.) Present—Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.

■ State Division of Human Rights, Respondent, v Stromberg Carlson Corporation, Petitioner, and I. U. E., Local No. 338, Respondent.—Determination unanimously reversed insofar as it awarded damages and otherwise confirmed, without costs, and matter remitted to State Division of Human Rights for further proceedings in accordance with memorandum in SDHR (Truitt) v Stromberg Carlson Corp. (66 AD2d 990). (Proceeding pursuant to Executive Law, § 298.) Present—Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.

■ State Division of Human Rights, Respondent, v Stromberg Carlson Corporation, Petitioner, and I. U. E., Local No. 338, Respondent.—Determination unanimously reversed insofar as it awarded damages and otherwise confirmed, without costs, and matter remitted to State Division of Human Rights for further proceedings in accordance with memorandum in SDHR (Truitt) v Stromberg Carlson Corp. (66 AD2d 990). (Proceeding pursuant to Executive Law, § 298.) Present—Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.