■ STATE DIVISION OF HUMAN RIGHTS on the Complaint of DOLORES HIERL and Others, Respondent, v SWEET HOME CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, Petitioner. (Proceeding No. 1.)—Determination of appeal board unanimously confirmed, without costs. Memorandum: Petitioners seek review pursuant to section 298 of the Executive Law of the order of the State Human Rights Appeal Board affirming a determination of the commissioner which found that petitioners had engaged in unlawful discriminatory practices against four female teachers. Petitioners, Sweet Home Central School District Board of Education and the Sweet Home Education Association, concede that the complainants (Hierl, Krawczyk, Reimer and Vogt) were in fact denied their sick leave benefits for maternity leave and that such denial was unlawful discrimination under the Human Rights Law. The school district maintains, however, that unacknowledged physicians' reports are insufficient to support the period of disability. We disagree. A pregnant teacher who takes a pregnancy-related leave must be permitted to take advantage of her sick leave to the same extent as if she were suffering from some other temporary physical ailment (State Div. of Human Rights v Stromberg Carlson Corp., 66 AD2d 990). She is entitled to accrued sick pay for her disability for the period confirmed by her physicians (State Div. of Human Rights v Board of Educ., 54 AD2d 1115). We find no error constituting a denial of a fair hearing in permitting the written reports of the doctors certifying as to the period of complainants' disability. Such a report may be received as evidence in a hearing despite its hearsay character and an absence of cross-examination and may be utilized as a basis to form substantial evidence (Richardson v Perales, 402 US 389; and see Matter of Brown v Ristich, 36 NY2d 183). There was an adjournment of the hearing from February to August, 1975, affording adequate opportunity to subpoena complainants' physicians. Such failure to exercise this right and thereby provide itself with the opportunity for examination of the physicians does not give rise to a meritorious claim by petitioners that they were denied a fair hearing. It is apparent from the record that the union was aware of the discriminatory clause consented to in the bargaining agreement. The fact that the union subsequently attempted to remedy the wrong already committed cannot affect their initial liability for discriminating on the basis of sex. It is settled that a union has the obligation to represent its members fairly and impartially and may not discriminate on the basis of race or sex. When a union fails to exercise that power in the bargaining process and permits an employer to discriminate against union members, it has discriminated against them as surely as if it proposed the inequitable agreement and is equally liable (United Teachers of Seaford v New York State Human Rights Appeal Bd., 68 AD2d 907). On review of the entire record we find that there is a rational basis therein for the findings of fact supporting the determination (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176). It is supported by substantial evidence which is the basis for the determination herein and we should therefore not disturb such determination (Matter of Stork Rest. v Boland, 282 NY 256). (Proceeding pursuant to Executive Law, § 298.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.