■ STATE DIVISION OF HUMAN RIGHTS, on the Complaint of BARBARA J. AGOR, Respondent, v CITY SCHOOL DISTRICT OF ROCHESTER, Petitioner, and ROCHESTER TEACHERS ASSOCIATION, Respondent.—Order of appeal board unanimously confirmed, without costs, and petition dismissed. Memorandum: Petitioner, the Rochester City School District, brings this proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated September 8, 1978. The board's order affirmed that part of a decision and order of the State Division of Human Rights dated February 16, 1977 which found that petitioner discriminated against Barbara J. Agor because of her sex. The board reversed the decision and order of the division against the Rochester Teachers Association and "deleted" the association as a respondent from all proceedings. Agor, a former teacher employed by petitioner, filed a verified complaint with the division on June 16, 1975 in which she claimed that petitioner engaged in unlawful discriminatory practices in violation of section 296 of the Executive Law (Human Rights Law) by denying her accumulated sick leave days in excess of 20 days while she was under a pregnancy-related disability. Under the terms of a collective bargaining agreement between petitioner and the Rochester Teachers Association which was in effect during the period between July 1, 1973 and June 30, 1975, pregnant teachers were eligible for maternity leave without pay for a one-year period with the option to utilize up to a maximum of 20 days of their accumulated sick leave. Additionally, teachers requesting maternity leave were required to give notice not less than five months prior to the expected date of pregnancy-related confinement. Upon expiration of their leave period, reinstatement to service was to be granted only as a position became available. At a public hearing on the complaint held on June 2, 1976, petitioner moved to join the Rochester Teachers Association as a necessary party respondent, because it was the teacher's bargaining agent for the agreement in controversy. The hearing examiner granted this motion, finding that any relief granted would involve changes in the collective bargaining agreement. On February 16, 1977 the division made findings of fact and held that both petitioner and the Rochester Teachers Association discriminated against the complainant and against all female employees because of their sex and that the complainant Agor "was entitled to 22 days' sick pay for the period in which she was disabled and not reimbursed". Both petitioner and the association were directed to pay the complainant 22 days of sick leave pay and to take certain specific affirmative action. Petitioner claims, *inter alia,* that the division's finding of discrimination is not supported by substantial evidence and that the determination and order of the appeal board and the

order of the Commissioner of the State Division of Human Rights are arbitrary and capricious. Petitioner's contention that it did not discriminate against its female employees has been considered and rejected by us in a companion case *(State Div. of Human Rights v City School Dist. of Rochester,* 75 AD2d 1009) and for the reasons expressed therein we affirm the order of the appeal board in all respects as against the petitioner. There is substantial proof in the record before us that petitioner's policy was to require pregnant teachers to apply for a maternity leave of absence (thus limiting them to the receipt of only 20 days of sick pay benefits), although the agreement between petitioner and the Rochester Teachers Association by its terms did not preclude a pregnant teacher from taking sick leave for her pregnancy-related disability. Further, we reject petitioner's contention that the Rochester Teachers Association was properly named as a necessary party respondent in the proceedings before the division. Agor clearly did not seek any relief from the association and did not join in petitioner's motion to name it as a respondent. As the appeal board concluded, the association is not a necessary party respondent because the relief sought by complainant does not require the division to exercise injunctive power over the association. The record shows that the association's initial proposal concerning the maternity leave provisions of the contract would have entitled a female to use all her accumulated illness allowance and she would not have been restricted to the 20-day limitation eventually incorporated into the bargaining agreement. Once the contract was agreed to, after long and difficult negotiation, the teachers association filed a disclaimer against that section of the agreement governing maternity leave of absence. The disclaimer was dated prior to the execution of the contract, and copies of the disclaimer were sent to petitioner and the division. There is more than sufficient evidence on the record to support the conclusion that the maternity leave provision of the contract was not a benefit sought and obtained by the teachers association but was a provision bargained for by the petitioner. The decision of the appeal board to dismiss the Rochester Teachers Association as a necessary party respondent is supported by substantial evidence and its order should not be disturbed (Executive Law, § 298; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). (Proceeding pursuant to Executive Law, § 298.) Present—Cardamone, J. P., Simons, Schnepp, Callahan and Witmer, JJ.