■ STATE DIVISION OF HUMAN RIGHTS, on the Complaint of ELMER HENRETTA, on Behalf of ROCHESTER TEACHERS ASSOCIATION, et al., Respondents, v CITY SCHOOL DISTRICT OF ROCHESTER, Petitioner.—Order of appeal board unanimously confirmed, without costs, and petition dismissed. Memorandum: Petitioner instituted this proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated August 30, 1978, which affirmed an order of the State Division of Human Rights which found that petitioner had engaged in unlawful discriminatory practices against three female teachers based on sex and awarded the individual complainants accrued sick leave for the period in which they were disabled and not reimbursed. The three female complainants were each employed as teachers by petitioner, City School District of Rochester. Under the terms of a collective bargaining agreement between petitioner and complainant Rochester Teachers Association covering the period between July 1, 1973 and June 30, 1975, a pregnant teacher was eligible for maternity leave without pay for a one-year period and could utilize up to 20 days (maximum) of her accumulated sick leave. Under this agreement, a teacher requesting maternity leave was required to give notice

not less than five months prior to the expected date of her pregnancy-related confinement; her reinstatement to service upon expiration of the leave period was to be granted "only as a position is available". The individual complainants filed verified complaints on October 17, 1974, December 5, 1974 and May 7, 1975, respectively, claiming that petitioner had engaged in unlawful discriminatory practices in violation of section 296 of the Executive Law (Human Rights Law) by denying them their accumulated paid sick leave days in excess of 20 days while they were under pregnancy-related disabilities. On November 8, 1974, complainant Elmer Henretta, president of the Rochester Teachers Association, filed a verified complaint against petitioner on behalf of the association also alleging that the school district had engaged in unlawful discriminatory practices under the maternity leave provisions of the collective bargaining agreement. A consolidated public hearing was held on the four complaints on August 12, 1975 and January 7, 1976. On May 5, 1977, the division issued its order which found that the petitioner school district had discriminated against the complainants and its female employees (1) by limiting allowance of accrued sick leave for disabilities related to pregnancy or childbirth to a maximum of 20 days while imposing no comparable limitation for other disabilities; (2) by requiring the submission of a request for maternity leave five months before the effective childbirth but imposing no similar requirement with respect to other foreseeable surgery or disabilities; and (3) by granting reinstatement after maternity leave only if a position was available, while not imposing this limitation for other disabilities. The division directed the school district to pay the complainants their sick leave pay for the actual period of disability due to pregnancy up to the number of accumulated days, to cease and desist from the aforesaid discriminatory practices, and directed that specific affirmative action be taken by the school district to eliminate these discriminatory practices. The order of the division was affirmed by the State Human Rights Appeal Board on August 30, 1978 and the present proceeding was instituted. Petitioner claims that the period of time between the filing of these complaints and the decision and order of the State Human Rights Appeal Board (ranging from 3 years and 3 months to 3 years and 10 months) surpasses the statutory time limitations of section 297 of the Executive Law and that these protracted administrative delays constitute prejudice as a matter of law, warranting the exercise of this court's equitable powers to divest the division of jurisdiction. The time limitations of section 297 are directory and not mandatory and absent a showing of substantial prejudice, noncompliance with these time schedules does not operate to oust the division of jurisdiction (*Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816; *Matter of General Ry. Signal Co. v New York State Div. of Human Rights,* 73 AD2d 834). Petitioner makes no claim of actual prejudice and the mere passage of time does not constitute substantial prejudice as a matter of law (*Matter of Sarkisian Bros. v State Div. of Human Rights, supra,* p 818). Petitioner claims that the collective bargaining agreement was not discriminatory because a pregnant teacher had the option either of applying under the general illness provisions of the contract for the use of her accumulated days of sick leave to cover the period of her pregnancy-related disability or applying for an unpaid maternity leave of absence to extend beyond her period of disability entitling her to a maximum of 20 days of accumulated sick pay benefits regardless of the length of her disability or the fact that she had accumulated more than 20 sick leave days. We find petitioner's arguments to be without merit. A pregnant teacher who takes a pregnancy-related leave must be permitted to

take advantage of her sick leave to the same extent as if she were suffering from some other temporary physical disability *(Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.,* 35 NY2d 371, 376; *State Div. of Human Rights v Sweet Home Cent. School Dist. Bd. of Educ.,* 73 AD2d 823; *State Div. of Human Rights v Stromberg Carlson Corp.,* 66 AD2d 990). Any teacher physically disabled by reason of maternity is entitled to accrued sick pay for the period of her disability, notwithstanding her election to take an unpaid maternity leave *(State Div. of Human Rights v Board of Educ. of City School Dist of Tonawanda,* 54 AD2d 1115). In our view, *Matter of State Div. of Human Rights v Board of Educ., Draper School Dist., Town of Rotterdam* (40 NY2d 1021) and *Matter of Rotterdam-Mohanasen Cent. School Dist. v State Div. of Human Rights* (70 AD2d 727) do not support petitioner's contentions. The Court of Appeals held that the record in *Draper* did not contain sufficient proof as to the "comparable policies of the Board of Education with respect to non-pregnancy-related disabilities" to support the board's decision *(Matter of State Div. of Human Rights v Board of Educ., Draper School Dist., supra,* p 1023). The record here is sufficient to sustain the board's determination. By the terms of the collective bargaining agreement, a pregnant teacher who desired to take a maternity leave of absence was required to submit an application five months in advance of her confinement for pregnancy-related disability, a requirement not imposed with respect to other foreseeable disabilities. Under this provision, a teacher could not first take a sick leave for the period of her pregnancy-related disability with full application of her accumulated sick pay and thereafter take an extended leave upon termination of her disability for the purpose of maternity. If she applied for a maternity leave of absence, she was restricted to a maximum of 20 days of accumulated sick pay regardless of how many days sick leave she had accumulated. Under the collective bargaining agreement, however, a teacher who applied for a leave of absence for other than maternity reasons (e.g., action leave for Peace Corps or VISTA purposes or sabbatical leave for study or travel) was not precluded from applying for and receiving full accumulated sick pay benefits if prior to the commencement of his leave the teacher suffered a medical disability, nor in fact precluded from taking a sick leave and upon termination of the disability applying for a leave of absence. Accordingly, the contract discriminated against pregnant teachers who desired to take a maternity leave extending beyond their period of disability. Furthermore, there was testimony at the hearing that in the case of complainant Rosemary Stancampiano the contract was applied in a discriminatory manner. In her case, she did not apply for maternity leave and continued working until one day prior to delivering her baby. While still in the hospital, she submitted a certificate from her doctor attesting to the period of her disability and applied for her full accumulated sick pay benefits for the period of her disability. Even though she had accumulated 45 days of sick leave, petitioner unilaterally placed her on maternity leave and agreed to pay her for only a maximum of 20 days of the 25 days that she was out of work. This evidence clearly demonstrates that no sick leave option was available to pregnant teachers. Upon our review of the entire record, we conclude that the findings of fact on which the order of the appeal board was based were " 'supported by substantial evidence on the record considered as a whole' " and are conclusive, and the order should not be disturbed *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 179; Executive Law, § 297-a, subd 7, par d; § 298). We find petitioner's other arguments to be without merit. (Proceeding pursuant to

Executive Law, § 298.) Present—Cardamone, J. P., Simons, Schnepp, Callahan and Witmer, JJ.