■ In the Matter of JERICHO UNION FREE SCHOOL DISTRICT, Petitioner-Respondent, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD, et al., Respondents-Respondents. — Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board dated February 14, 1983, which affirmed an order of the Commissioner of the State Division of Human Rights, dated October 13, 1981, finding that petitioner had engaged in discriminatory practices. Cross proceeding for enforcement of the foregoing orders. Petition granted, on the law, to the extent that the order dated February 14, 1983 is modified by deleting from the second decretal paragraph thereof all the words after the word "is" and substituting therefor the words "modified by deleting subdivision 'a')' from the first ordering paragraph thereof and by deleting from the second ordering paragraph thereof the words '$5,868.00, which amount represents the payment of 52 days at the per diem rate of $90.00 and' and substituting therefor the words '$1,188, which amount represents the payment of' and in all other respects is affirmed." In all other respects the proceeding is dismissed, without costs or disbursements. Cross petition granted to the extent of directing the petitioner-respondent to comply with the directives of the order dated October 13, 1981 as so modified. In all other respects the cross proceeding is dismissed, without costs or disbursements. Complainant Susan Cronin was employed by petitioner Jericho Union Free School District (hereinafter the school district) from September 1970 until her resignation on June 30, 1977. In May, 1976 she became aware that she was pregnant. She voluntarily decided to go on maternity leave for the period December 3, 1976 through June 30, 1977. On June 23, 1977, complainant's request that she be paid for 46 days of accrued sick leave and for six paid holidays which occurred during December, 1976 and for which payment would have been made to a teacher receiving sick leave benefits during this period, was first received by the school district. In addition, complainant requested

disability benefits under the school district's supplemental disability benefits plan for the period beginning March 3, 1977, her ninetieth day of disability, to the end of her disability. When payments were denied because complainant had requested maternity leave instead of sick leave, complainant instituted proceedings before the State Division of Human Rights. We find that the school district's argument that various delays served to divest the division of jurisdiction to be without merit. The time schedules specified in section 297 (subd 4, par a) of the Executive Law are directory only; absent a showing of substantial prejudice the division retains jurisdiction. "[T]he mere passage of time normally will not constitute substantial prejudice in the absence of some showing of actual injury" (*Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816, 818). As the school district has failed to demonstrate actual injury, the division was not ousted of jurisdiction. The school district also contends that the award to complainant of 22 days' pay at 60% of her regular pay scale based upon the school district's failure to provide income protection for teachers absent due to pregnancy-related disability was arbitrary. However, it is not disputed that at the time of complainant's pregnancy-related disability, the school district's insurance excluded such disabilities from coverage. Maintenance of such a policy by an employer is prohibited by the Executive Law (see *Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd.,* 41 NY2d 84). Louis Fusaro, the school district's assistant administrator of personnel, noted at the hearing that an employee suffering from a non-pregnancy-related disability who was not receiving pay would be entitled to recover under this policy. Thus, the policy improperly treated pregnancy-related disability different from other disabilities. We further note that the collective bargaining agreement then in effect between the parties impermissibly made sick leave available for pregnancy-related disabilities only on more restrictive terms and conditions than those applicable to other teachers sustaining injury or illness. Thus, the agreement provided that a pregnant teacher who did not opt for maternity leave was entitled to sick leave "prior to delivery" upon satisfying the school district that her medical disability or illness prevented her from performing teaching duties. The teacher was required to furnish a medical report with sufficient information to enable a physician appointed by the school district to assess the claimed medical disability or illness. The school district was entitled to obtain a prompt medical examination of the teacher by its designated physician (1976-1979 Negotiating Agreement Between Jericho Union Free School Dist. & Jericho Teachers' Assn., art X, § F, subd 1, par c). Teachers using sick leave for other disabilities needed only to file a signed absence slip, and a doctor's statement could be required "if deemed necessary" (1976-1979 Negotiating Agreement, art X, § A). These provisions violate the rule that a pregnant teacher who takes a pregnancy-related leave should be permitted to use sick leave and sabbatical leave to the same extent as other teachers suffering from a temporary physical disability (*Matter of Board of Educ. v State Div. of Human Rights,* 42 AD2d 854, affd 35 NY2d 675; *Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd.,* 35 NY2d 371). However, it must be noted that complainant opted for maternity leave and did not request that her sick leave be applied to her period of pregnancy-related disability until some months later, even though under the negotiating agreement (which she admitted that she had not read) she was entitled to take sick leave as soon as she became disabled as the result of her pregnancy. Thus, this case presents an issue as to whether a person who, having chosen maternity leave, is later entitled to receive sick leave benefits for the period of pregnancy-related disability. In such a situation, the Court of Appeals has noted that it must be determined whether an alternative leave of absence option is or is not available for non-pregnancy-

related disabilities. "More precisely, it [must] be determined whether there is any option at all, or, if a choice is open, whether its terms correspond to those offered to pregnant teachers as an alternative, and in particular whether sick leave credits may be applied against a leave of absence. If substantial parallelism be assumed then it may forcefully be argued that there is no discrimination; on the other hand if it were to be taken that there is no such parity an equally persuasive argument may be made that there is impermissible discrimination" (*Matter of State Div. of Human Rights v Board of Educ.*, 40 NY2d 1021, 1023-1024). The burden of proof is on the complainant to prove by substantial evidence the truth of her allegations of unlawful discrimination (*Matter of Rotterdam-Mohanasen Cent. School Dist. v State Div. of Human Rights,* 70 AD2d 727, affd 49 NY2d 744). In the case at bar there was no evidence presented at the hearing as to whether a person on leave without pay was eligible for sick leave during that period. The only other contract provision covering a leave without pay concerned "paternity leave" (1976-1979 Negotiating Agreement, art X, § F, subd 2, par a), and the contract is silent as to whether sick leave credits could be applied against a paternity leave of absence. Thus, as the complainant has not satisfied her burden of proving that someone on a non-pregnancy-related leave of absence would be entitled to accrued sick leave during this period, she has not established her entitlement to the 46 days of accrued sick leave or the six paid holidays which would accompany such entitlement. Thompson, J. P., Brown, Rubin and Boyers, JJ., concur.