OPINION OF THE COURT
Herbert J. Miller, J.
Petitioner seeks a review of two orders of respondent New York State Division of Human Rights (Human Rights) which dismissed her complaints of sex and age discrimination against her by the respondent employer, El Al Israel Airlines (El Al).
Petitioner contends that Human Rights assured her that there would be a hearing affording an opportunity for cross-examination and presentation of evidence. Neither respondent denies this. No hearing was held. Petitioner complained to Human Rights in January 1983 of statements by the duty station manager preferring a younger man over women and telling her she was too old for her work and that it was time for her to leave. She complained that she was discharged and replaced by a younger male with less seniority. Petitioner was 53 years of age.
Human Rights accepted an undated, unwitnessed, and unacknowledged letter, addressed in cavalier tone, "to whom it may concern,” from the duty station manager as sufficient evidence to refute petitioner’s sworn statements without giving her a hearing or right of confrontation and rebuttal. Reliance on such a one-sided, arbitrary and capricious investí *271 gation causes determinations and orders based thereon to lack a rational basis. Further, failure to afford petitioner a hearing, after assurances that one would be held, and after a delay from January 1983 to June 1984, violates due process of law. Moreover, in this case, substantial gaps exist in the record of the investigation, including petitioner’s allegation of retaliation, which do not permit a judgment as to whether there was impermissible discrimination. (Matter of State Div. of Human Rights v Board of Educ., 40 NY2d 1021.)
Accordingly, this matter is remanded to Human Rights for further investigation and a hearing.