■ WEST HEMPSTEAD UNION FREE SCHOOL DISTRICT, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceeding pursuant to Executive Law § 298 to review a determination of respondent State Division of Human Rights dated November 9, 1983 which found that petitioner had discriminated against complainant on the basis of her sex with respect to the terms, conditions or privileges of her employment, and, inter alia, ordered the payment of compensatory damages.

Petition granted, on the law, without costs or disbursements, determination annulled, and complaint dismissed.

On November 29, 1976, having learned that she was pregnant, complainant Sharon Palombo, a teacher employed by petitioner West Hempstead Union Free School District, met

with then Acting Superintendent Emileo Caruso in order to discuss her future status. Mrs. Palombo was entitled to extended illness benefits under the governing collective bargaining agreement. According to her, she asked Mr. Caruso if she could use "sick pay days" during the period of her pregnancy. She testified that Mr. Caruso told her that she could not, and that instead had to take an unpaid maternity leave. Mr. Caruso denied this, and testified that Mrs. Palombo formally requested maternity leave for a period of time through June 1978. This request was subsequently approved by the Board of Education of the petitioner school district.

Thereafter, by letter dated December 21, 1976, Mrs. Palombo requested "(1) to amend my request for maternity leave of absence from January 3, 1977, through June 30, 1978, to March 21, 1977, through June 30, 1978, and; (2) to request application of my accumulated days of extended illness to my pregnancy disability period of January 3, 1977, through March 21, 1977". There is no question raised that Mrs. Palombo was, in fact, disabled due to her pregnancy between January 3 and March 21, 1977. Mrs. Palombo's request to "amend" her application for maternity leave was denied. Mrs. Palombo then complained, and the Division of Human Rights has found, that such denial was an illegal discriminatory practice. We disagree, and find that the Division erred as a matter of law, since the complainant failed to establish a prima facie case of discrimination.

There is nothing inherently discriminatory in requiring a pregnant teacher to choose between two options, i.e., either to take unpaid maternity leave for an extended period of time, regardless of actual disability, or to take a paid sick leave for perhaps a shorter period of time during which the condition of pregnancy actually results in an inability to report to work *(see, Matter of Rotterdam-Mohanasen Cent. School Dist. v State Div. of Human Rights, 70 AD2d 727, affd 49 NY2d 744; see also, Matter of Jericho Union Free School Dist. v New York State Human Rights Appeal Bd.,* 97 AD2d 762). However, a prima facie case of discrimination may be established if the record contains substantial evidence that prospective pregnancy-related disabilities are, in this regard, treated in a less liberal manner than other foreseeable long-term illnesses *(see, Matter of State Div. of Human Rights v Board of Educ.,* 40 NY2d 1021, *affg* 51 AD2d 357; *State Div. of Human Rights v City School Dist.,* 75 AD2d 1009, 1011).

In this case, the record contains no proof at all that a pregnant teacher is treated in a manner any less favorable

than any other teacher expecting to experience a prolonged disability. The applicable collective bargaining agreement provides that maternity leave "shall be granted in accordance with past practice" and also provides that "[o]ther leaves of absences *[sic]* may be granted upon recommendation of the superintendent of schools and approved by the Board of Education". So far as one can judge from this record, maternity leaves are and were granted in the same manner and with the same liberality as other extended leaves of absence. There was no evidence, for example, that unlike other extended leaves of absence, maternity leaves had to be requested five months in advance, as was true in the *Draper* case *(supra)*. There was no evidence that maternity leaves were less freely granted than other extended leaves, or were granted only with added conditions. In short, there was no discrimination shown. Respondent State Division of Human Rights also argues, however, that a finding of discrimination is warranted because it can be inferred from Mrs. Palombo's testimony that Mr. Caruso intentionally misled her into applying for maternity leave, instead of sick leave, and that he then arbitrarily refused to allow her to "amend" her application so as to be able to use accumulated sick days for the period from January 3, 1977 to March 21, 1977, even though her maternity leave had not yet begun when she requested the change. While we agree that such inferences might possibly be drawn, we do not agree that a finding of discrimination logically follows. The record shows that Mrs. Palombo learned of Mr. Caruso's supposed mistake or deception before her maternity leave had commenced. However, she did not then offer to rescind her application for maternity leave in order to apply extended illness benefits as an alternative. Instead, she sought permission to take an extended maternity leave and receive paid sick leave benefits as well. Her employer was under no duty to grant this request. In sum, viewing the record in a light most favorable to the complainant, we find that there was no rational basis upon which to conclude that complainant suffered from discrimination on the basis of her sex. In light of this disposition, we need not address petitioner's other contention. Thompson, J. P., Brown, Weinstein and Eiber, JJ., concur.