Christine A. Wunning et al., Appellants, v Karen B. John-
son, as Mayor of the City of Schenectady, et al., Respon-
dents.

Third Department, February 27, 1986

## APPEARANCES OF COUNSEL

*Grasso & Grasso (Lawrence T. Dahlke* of counsel), for appellants.

*Buchyn, O'Hare & Werner (Joseph J. Buchyn* of counsel), for respondents.

## OPINION OF THE COURT

Kane, J.

Plaintiff Christine A. Wunning is employed as a police officer in the City of Schenectady Police Department (the Department). On June 23, 1984, she called the Department, advised them that she was pregnant and requested that she be placed on the sick list because she was under a physical disability. Wunning requested sick leave on the advice of her doctor who recommended that she remain on the sick list because "[t]oo much physical activity, heavy activity, heavy lifting and the rigors of street work could result in possible injury to the mother and child".* At the time she requested sick leave, Wunning had been assigned to *general* patrol duty.

On July 3, 1984, Wunning was examined by a police surgeon who reported that she seemed to be in excellent general health. Wunning remained on the sick list until July 13, 1984, when she was advised by defendant Chief of Police that she was not entitled to sick leave since her doctor's report did not indicate that she was suffering from any disability associated with pregnancy that would prevent her from performing

---

* As of June 23, 1984, Wunning was approximately two months pregnant. No other disability, illness or sickness is claimed aside from Wunning's pregnancy.

duties within the scope of her employment. Upon her return to work, to accommodate the concerns expressed by her doctor, Wunning was reassigned to duties other than "street" patrol (i.e., inside duty). In September of 1984, the Department received another letter from Wunning's doctor which noted that Wunning was experiencing a normal healthy pregnancy and urged that all attempts be made to keep her working in a situation "compatible with a normal healthy pregnancy".

Meanwhile, in July of 1984, plaintiffs commenced a declaratory judgment action seeking a declaration of Wunning's rights to equal treatment with all male police officers and a declaration that she was entitled to sick leave benefits during the term of her pregnancy and until her physician certified that she was physically capable of performing *all* the duties required of an officer assigned to *general* patrol. In September of 1984, plaintiffs moved for summary judgment and defendants cross-moved for the same relief.

Special Term granted summary judgment to defendants, declaring that Wunning was not entitled to sick leave benefits upon the ground that there was no evidence specifying the period of actual disability and further declaring that there was no impediment to the Department's assigning Wunning to other job functions compatible with her pregnancy. This appeal ensued.

Initially, we note that this appeal is moot. However, since there is a likelihood of repetition if Wunning or any other female police officer in the Department becomes pregnant and it is also possible for the issue to again evade review, we find that this appeal presents an exception to the mootness doctrine *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707). Accordingly, we address the merits of this appeal.

Turning to the merits, plaintiffs contend that Wunning was sexually discriminated against when she was transferred to another assignment instead of being allowed to receive sick leave benefits. This argument is without merit. It is well settled that a pregnant public employee "must be permitted to take advantage of her sick leave to the same extent as if she were suffering from some other temporary physical disability" *(State Div. of Human Rights v Board of Educ.,* 54 AD2d 1115; *see, Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd.,* 41 NY2d 84, 86). In the case of other temporary illnesses, it seems that sick leave normally commences when

the person is *actually* disabled and medical necessity is demonstrated *(see, e.g., Matter of State Div. of Human Rights v Board of Educ.,* 51 AD2d 357, *affd* 40 NY2d 1021; *Board of Educ. v New York State Div. of Human Rights,* 42 AD2d 49, 53, *affd* 35 NY2d 673). As to the condition of being pregnant, sick pay benefits are limited to the periods of actual disability and there must be medical evidence of the total period of *actual* disability *(see, Matter of Police Dept. of City of N. Y. v New York State Human Rights Appeal Bd.,* 65 AD2d 538, 539).

Wunning simply provided no evidence to support her claim of disability. If Wunning had been ill due to her pregnancy or was near the end of her term, it would seem that she would have a legitimate claim to disability. However, she was only two months pregnant and was suffering from no complications. Even her own doctor recommended that she keep working as long as possible. Such a recommendation is simply incompatible with a claim of being disabled. Indeed, plaintiffs state in their brief that Wunning does not "claim that her pregnancy prevented her from working inside duty".

Plaintiffs also argue that Wunning's transfer to inside duty was discriminatory in that no male police officer was ever treated similarly. This claim is without merit. Plaintiffs do not cite any examples wherein a male police officer who was disabled from performing general duty and yet able to perform other assignments was not transferred. Male or female, sick pay benefits would be limited to the period of actual disability. Until the person was actually disabled, be it man or woman, either could be transferred to an assignment compatible with his or her condition.

The order and judgment should be affirmed.

MAHONEY, P. J., MAIN, YESAWICH, JR., and LEVINE, JJ., concur.

Order and judgment affirmed, with costs.