■ In the Matter of EMPBANQUE CAPITAL CORPORATION, Appellant, v DOUGLAS H. WHITE, as Commissioner of the New York State Division of Human Rights, et al., Respondents.—

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the Commissioner's order is modified by deleting therefrom the first and second numbered subparagraphs contained in the second decretal paragraph; the Commissioner's order is otherwise confirmed, and the matter is remitted to the Commissioner for (1) the imposition of a new award of compensatory damages for mental anguish which shall not exceed $5,000 and (2) a recomputation of back pay consistent herewith.

Bearing in mind that discrimination is "accomplished usually by devious and subtle means" *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 183), we are satisfied that there is substantial evidence in the record to support the Commissioner's finding that the complainant's employment was terminated solely due to her pregnancy *(see, Matter of Energy Expo v New York State Div. of Human Rights,* 112 AD2d 302). However, while compensatory damages for mental anguish may be awarded to a victim of discrimination *(see,* Executive Law § 297 [4] [c] [iii]) based upon his or her testimony alone *(see, Cullen v Nassau County Civ. Serv. Commn.,* 53 NY2d 492), the complainant's relatively brief testimony concerning the mental anguish she suffered as a

result of her termination justifies the imposition of an award not to exceed $5,000 *(see, Matter of Almeter v State Div. of Human Rights,* 133 AD2d 530).

Similarly, the award of back pay must be adjusted. At the hearing the complainant expressly waived any claim to back pay for the time period immediately encompassing the birth of her child, during which time she was unable to work. Therefore, she was not entitled to an award of back pay for the period between March 5, 1985 and May 13, 1985.

In addition, although the complainant is entitled to an amount equal to her full pay (her gross pay was $650 per two-week period) for the time period from September 21, 1984 to March 5, 1985, and from May 14 to May 31, 1985, the award for back pay covering the time span between June 1, 1985 and February 1, 1986 must be reduced to reflect the fact that during this time she had obtained employment. For this period, the complainant is entitled only to $75 per week, which is the difference between her salary at Empbanque and her salary at the new company, which is the amount she requested. Moreover, we are of the opinion that such an adjustment is fair and proper in view of the fact that she left her new position in September 1985 without sufficient justification. The record reflects that the complainant subsequently obtained further employment in February 1986 at a salary which was greater than she was earning at Empbanque. Brown, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.