■ In the Matter of NEW YORK CITY TRANSIT AUTHORITY, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceeding pursuant to Executive Law § 298 to review a determination of the respondent Commissioner of the New York State Division of Human Rights dated October 21, 1988, which, *inter alia,* (1) found that the petitioner New York City Transit Authority had discriminated against the respondent Adrienne Nash on the basis of her gender, and (2) awarded Adrienne Nash $450,000 in compensatory damages.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the third decretal paragraph of the determination is annulled, the determination is otherwise confirmed, the proceeding is otherwise dismissed on the merits, and the matter is remitted to the respondent New York State Division of Human Rights for the imposition of a new award of compensatory damages not to exceed $75,000.

Bearing in mind that discrimination is "accomplished usually by devious and subtle means" *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 183), we are satisfied that there is substantial evidence in the record to support the finding of the Commissioner of the New York State Division of Human Rights that the complainant, Adrienne Nash, was discriminated against solely because she was pregnant *(see, Matter of Empbanque Capital Corp. v White,* 158 AD2d 686; *Matter of Energy Expo v New York State Div. of Human Rights,* 112 AD2d 302; *cf., West Hempstead Union Free School Dist. v State Div. of Human Rights,* 116 AD2d 642).

It is well settled that an award of compensatory damages to a person aggrieved by an illegal discriminatory practice may include compensation for mental anguish *(see, Matter of Board of Educ. v McCall,* 108 AD2d 855), and that an award may be based solely on the complainant's testimony *(see, Cullen v Nassau County Civ. Serv. Commn.,* 53 NY2d 492; *Matter of Cosmos Forms v State Div. of Human Rights,* 150 AD2d 442). However, in this case, notwithstanding the blatant discrimination against Nash solely because of her pregnancy, the evidence of mental anguish did not justify an award of damages in the amount determined by the respondent Commissioner.

The petitioner New York City Transit Authority (hereinafter NYCTA) refused the request of Nash, a bus driver, to be placed on restricted duty during a 1981 pregnancy based upon her history of prior miscarriages, despite receiving letters from Nash's personal physician urging that she be so assigned. Nash, confronted with the choice of driving a bus or foregoing her paycheck, remained on full duty and suffered a miscarriage in July 1981. Although Nash testified that she was "depressed" after suffering the miscarriage, these feelings were not unequivocally attributable to NYCTA. Nash also testified that she felt "mad", "frustrated", "pretty lost", "panicky about finances", and "couldn't sleep at night" after being relegated to "no work" status during a subsequent 1982 pregnancy. However, with respect to her testimony concerning the 1981 and 1982 incidents, Nash failed to adduce facts concerning the duration of her condition, its consequences, or any evidence concerning any treatment *(see, Matter of Cosmos Forms v State Div. of Human Rights, supra,* at 442). Therefore, we find the award of $450,000 for mental anguish grossly excessive and recommend that a new award not to exceed $75,000 be made on remittitur *(see, Matter of Cosmos Forms v State Div. of Human Rights, supra,* at 442; *Matter of Bayport-Blue Point School Dist. v State Div. of Human Rights,* 131 AD2d 849; *Catalina Beach Club v State Div. of Human Rights,* 95 AD2d 766; *cf., Matter of Trans World Airlines v New York Executive Dept.,* 147 AD2d 575; *SUNY Coll. v State Div. of Human Rights,* 144 AD2d 962; *see also, Matter of Almeter v State Div. of Human Rights,* 133 AD2d 530, 531).

We have considered the parties' remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Kooper and O'Brien, JJ., concur.