█ In the Matter of CLUB SWAMP ANNEX, Petitioner, v DOUGLAS H. WHITE, as Commissioner of the New York State Division of Human Rights, et al., Respondents.—Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights, dated October 21, 1988, which, *inter alia,* found that the petitioner had engaged in discriminatory employment practices in terminating the complainant's employment because of a disability, and awarded the complainant (1) $5,000 in compensatory damages for mental anguish, and (2) back pay from January 15, 1987, to December 21, 1988.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the second numbered subparagraph contained in the second decretal paragraph of the determination is modified by adding thereto a provision that the award of compensatory damages shall be offset by the wages and tips earned by the complainant at the American Cafe from April 1986 through November 1987; the determination is otherwise confirmed, and the matter is remitted to the Commissioner for a recomputation of back pay consistent herewith.

On December 23, 1985, the complainant, a waiter employed by the Club Swamp Annex restaurant in East Hampton, was diagnosed as suffering from so-called "AIDS-related complex" (hereinafter ARC). Several days later, he confided this diagnosis to the restaurant's part owner, Brent Newsome, who

allegedly responded by advising the complainant that he might have to be reassigned to the kitchen, "out of sight of the patrons". The restaurant's majority owner, Bill Higgins, learned of the complainant's illness when he returned from a Christmas vacation on December 28, 1985. Several days later, he severely reduced the work schedule of the complainant without explanation. Higgins formally discharged the complainant in mid-January 1986, by announcing his decision to David Rockwell, the complainant's roommate and co-worker. According to the complainant's hearing testimony, as well as an affidavit from Rockwell, since deceased, the reason for the discharge was that Higgins "couldn't face" the complainant in his restaurant because he had been diagnosed as having ARC.

The Administrative Law Judge (hereinafter the ALJ) who presided at the public hearing held on January 11, 1988, recommended that the complaint be dismissed, finding that Higgins had "testified most credibly as to the details of complainant's poor work performance", which was allegedly the sole reason for his discharge. In arriving at his recommendation, the ALJ discounted as "incompetent evidence" both Rockwell's affidavit and the complainant's "hearsay" testimony that Higgins had dismissed him because of his medical disability.

The Commissioner, upon a review of the evidence, declined to follow the ALJ's recommendation, and on October 21, 1988, the Commissioner issued a final determination finding that Club Swamp Annex had unlawfully discriminated against the complainant because of his medical disability.

Contrary to the petitioner restaurant's contention, upon our review of the record we find that the Commissioner's determination is supported by substantial evidence. It is peculiarly within the domain of the Commissioner, who is presumed to have special expertise in the matter, to assess whether the facts and the law support a finding of unlawful discrimination *(cf., Matter of Board of Higher Educ. v Carter,* 14 NY2d 138; *Matter of Holland v Edwards,* 307 NY 38). Moreover, a Commissioner's determination of discrimination is "conclusive if supported by sufficient evidence on the record considered as a whole" (Executive Law § 298; *cf., Matter of New York City Bd. of Educ. v Batista,* 54 NY2d 379; *Matter of Mize v State Div. of Human Rights,* 33 NY2d 53). A reviewing court may not substitute its judgment for that of the Commissioner with respect to the weight which should be given to the evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 179-180). In the case at bar, there is substantial

evidence in the record as a whole to support the Commissioner's determination of discrimination, and thus this court may not disturb his finding. In this regard, we note that the discharge of the complainant immediately after his condition became known supports the Commissioner's finding of impermissible discrimination, particularly when viewed in the context of the complainant's testimony, the Rockwell affidavit, and the testimony of restaurant chef Joseph Zimmerman.

To the extent that the restaurant asserts for the first time on appeal that the complainant failed to present expert testimony to establish that he was in fact afflicted with ARC, or that ARC is not a "disability" contemplated by article 15 of the Executive Law, we note that this court's review of the instant proceeding is circumscribed by Executive Law § 298, which provides that "[n]o objection that has not been urged in prior proceedings shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances". As no extraordinary circumstances for the restaurant's failure to raise these issues before the administrative agency appear at bar, this court may not consider them for the first time on review.

The authority to order reinstatement and back pay, and to award compensatory damages to a person aggrieved by an unlawful discriminatory practice, is expressly given to the Commissioner of the New York State Division of Human Rights in order to effectuate the purpose of the Human Rights Law *(see,* Executive Law, art 15, § 297 [4] [c]). An award of back pay to remedy unlawful employment discrimination is a well-established remedy under both State and Federal law *(see, Albermarle Paper Co. v Moody,* 422 US 405; *Matter of Mize v State Div. of Human Rights,* 33 NY2d 53, *supra).* However, to the extent that the complainant was similarly employed by the American Cafe between April 1986 and November 1987, the Commissioner should offset the wages and tips so earned against the instant back-pay award *(see, Matter of Empbanque Capital Corp. v White,* 158 AD2d 686).

The $5,000 awarded by the Commissioner for mental anguish, on the other hand, will not be disturbed, as it is well established that the Executive Law authorizes the awarding of compensatory damages for mental pain and suffering *(see, State Commn. for Human Rights v Speer,* 29 NY2d 555, 556). It is equally well settled that a complainant's testimony as to the mental anguish he suffered is sufficient to support such an award *(Cullen v Nassau County Civ. Serv. Commn.,* 53 NY2d 492, 497; *Matter of New York City Tr. Auth. v State Div. of*

*Human Rights,* 163 AD2d 315), and that expert medical or other corroborative testimony is not required *(see, Matter of Italiano v New York State Div. of Human Rights,* 36 AD2d 1009, *affd* 30 NY2d 796). Eiber, J. P., Harwood, Balletta and O'Brien, JJ., concur.