■ In the Matter of CHEEKTOWAGA CENTRAL SCHOOL DISTRICT, Petitioner, v KATHRYN A.O. GRAZIADEI et al., Respondents. [700 NYS2d 334] —Determination unanimously annulled on the law without costs and petition granted. Memorandum: The determination of respondent New York State Division of Human Rights that petitioner unlawfully discriminated against respondent Kathryn A.O. Graziadei (complainant) on the basis of sex and a pregnancy-related disability is not supported by substantial evidence. Complainant, a guidance counselor employed by petitioner, depleted her accrued sick leave four weeks and two days after the birth of her child. In order to extend her paid leave, she applied for three days from the sick leave bank established pursuant to the collective bargaining agreement between petitioner and the Cheektowaga Central School Teachers' Association. Petitioner denied the application on the ground that complainant failed to demonstrate that she was incapacitated by severe sickness or injury.

Complainant was entitled to take advantage of the sick leave bank to the same extent as employees who are incapacitated by a medical condition other than pregnancy and recovery from childbirth (*see, Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd.*, 35 NY2d 371, 376, *rearg denied* 36 NY2d 807). Pursuant to the collective bargaining agreement, however, sick leave bank time is available only to employees "incapacitated by severe sickness or injury." Complainant presented no proof that she was incapacitated by severe sickness or injury (*see, Wunning v Johnson*, 114 AD2d 269, 272, *lv denied* 68 NY2d 601) or that her application for sick leave bank time was treated in a manner less liberal than those ap-

plications from employees with conditions unrelated to pregnancy and recovery from childbirth (*see, West Hempstead Union Free School Dist. v State Div. of Human Rights,* 116 AD2d 642, 643; *Matter of Jericho Union Free School Dist. v New York State Human Rights Appeal Bd.,* 97 AD2d 762, 764).

In view of our decision, we do not address petitioner's remaining contentions. (Executive Law § 298 Proceeding Transferred by Order of Supreme Court, Erie County, Whelan, J.) Present—Green, J. P., Lawton, Wisner, Scudder and Balio, JJ.